THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant, *v.* MORRIS BLOCK, Assessor of the City of Kingston, Ulster County, New York, Respondent.

THE ULSTER AND DELAWARE RAILROAD COMPANY, Respondent.

Third Department, May 2, 1917.

Taxes — certiorari — review of assessment of railroad company — right of another company alleged to be under-assessed to intervene — Tax Law construed — Code of Civil Procedure construed.

Where, in a proceeding by a railroad company by certiorari to review its assessment on the ground that it is excessive compared with that of other property on the same roll, another railroad company, the only one upon the roll, is mentioned in the petition as being under-assessed and much of the evidence relates to such assessment and the property of such railroad is being considered item by item, the court may, in its discretion, under section 2137 of the Code of Civil Procedure, permit said company to intervene upon the ground that it is " specially and beneficially interested in upholding the determination to be reviewed."

But every party whose assessment is questioned upon such a proceeding should not be allowed to intervene.

The Code of Civil Procedure does not provide a new remedy of certiorari, but regulates the writ and the practice therein in cases where it is expressly authorized by statute or where the right to it existed at common law and has not been taken away by statute.

The Tax Law, sections 290-296, both inclusive, permitting a review of assessments by certiorari, is exclusive only in so far as it regulates the practice and the use of the writ in tax cases.

COCHRANE, J., dissented.

APPEAL by the relator, The New York Central Railroad Company, from an order of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of the county of Ulster on the 25th day of October, 1916, permitting the Ulster and Delaware Railroad Company · to intervene in this proceeding.

*Amos Van Etten,* for the appellant.

*A. T. Clearwater* and *William D. Brinnier.* for the respondents.

**252**    People ex rel. N. Y. C. R. R. Co. *v.* Block.

Third Department, May, 1917.                 [Vol. 178.

Kellogg, P. J.:

The relator is reviewing by certiorari its assessment, on the ground that it is excessive compared with that of other property on the same roll. Relator has two roads assessed upon the roll, and the Ulster and Delaware railroad is the only other railroad upon the roll, and is mentioned in the petition as one of the parties under-assessed as compared with the relator. Upon the trial, to quite an extent, the issue resolves itself into an attack upon the assessment of the Ulster and Delaware railroad, and much of the evidence relates to that assessment, and the property of the road is being considered item by item, and the course of the examination was such that the said Ulster and Delaware Railroad Company asked to intervene and intervention was granted by the order appealed from, upon certain terms and conditions. The terms and conditions are not complained of here. The appeal proceeds upon the theory that the writ is governed entirely by the Tax Law, and that section 2137 of the Code of Civil Procedure does not apply and that, if it does apply, the intervenor is not shown to be " specially and beneficially interested in upholding the determination to be reviewed " as required by that section.

The Code does not provide a new remedy of certiorari, but regulates the writ and the practice therein in cases where it is expressly authorized by statute, or where the right to it existed at common law and has not been taken away by statute. The provisions of the Code apply to every statutory or common-law writ except in cases where the statute has made provision superseding them. The Tax Law, sections 290 to 296, both inclusive, as amended, permits a review of assessments by certiorari, and gives certain rules governing such procedure. And so far as it regulates the practice and the use of the writ in tax cases, the provisions are exclusive and override the Code provisions. (*Mercantile Nat. Bank* v. *Mayor, etc.,* 172 N. Y. 35.) Where the statute is silent, the provisions of the Code are effective. (*People ex rel. Rochester Telephone Co.* v. *Priest,* 181 N. Y. 300.) That case was a review of a special franchise tax, under section 45 of the former Tax Law, which directed that " Such writ must run to and be answered by said State Board of Tax Commis-

sioners and no writ of certiorari to review any assessment of a special franchise shall run to any other board or officer unless otherwise directed by the court or judge granting the writ." The opinion gives some prominence to the provision quoted, but seems to hold that sections 452, 2137 and 2133 of the Code of Civil Procedure, permitting other parties to be brought in, furnishes a rule of practice in these cases. Section 291 of the present Tax Law provides that the writ shall issue to the officers making the assessment; section 2129 of the Code is to the same effect. Section 2133 of the Code of Civil Procedure provides that after the writ has been issued any " other order may be made, or proceeding taken, in the cause, in relation to any matter not provided for in this article, as a similar proceeding may be taken in an action, brought in the same court, and triable in the county where the writ is returnable." Section 2137 allows a person specially and beneficially interested in upholding the assessment to appeal to the discretion of the court to be made a party to the proceeding. The last section referred to does not relate to the person to whom the writ shall be directed and who shall make the return, but allows the court, in its discretion, to admit a person as a party. The provision of the Tax Law as to how the writ is to be directed, relates only to the issuing of the writ and the making of the return, but is silent upon the question as to whether the court in its discretion may allow an interested party to intervene and take a part in the proceedings.

It follows that the court, in its discretion, has the power, in a tax case, as in other cases of certiorari, to bring in a new party. It is true a determination in this proceeding will not be *res adjudicata* against the respondent company, but it would naturally influence the assessors in their future action and furnish a certain basis of information upon which they may properly act. Assessors do not necessarily act upon legal evidence, but may act upon such information as they have. The respondent company was, therefore, specially and beneficially interested in establishing that its assessment was just. A special circumstance bearing upon the discretion of the court was the manner in which the trial was conducted and the persistency and detail with which the respondent

company's assessment was attacked. It was interested generally with the other taxpayers of the town. No serious harm can follow to the relator, as the order charges the additional expense which may be caused upon the intervenor and, as we say, no complaint is made upon that ground. Here the party brought in may only examine and cross-examine witnesses, and call witnesses and introduce evidence, as permitted by the court. We conclude that the court had the power to make the order and that it was a proper exercise of the discretion of the court upon the facts shown.

Manifestly every party whose assessment is questioned upon such a proceeding should not be allowed to intervene; but the sound discretion of the court will in each case result in such an order as justice requires.

The order should, therefore, be affirmed, with ten dollars costs and printing disbursements.

All concurred, except COCHRANE, J., who dissented on the authority of *People ex rel. Rochester Telephone Co.* v. *Priest* (181 N. Y. 300).

Order affirmed, with ten dollars costs and disbursements.