THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE LONG ISLAND RAILROAD COMPANY, Appellant, and Respondent, *v.* STATE BOARD OF TAX COMMISSIONERS, Respondent and Appellant.

THE CITY OF NEW YORK, Intervener, Respondent and Appellant.

Tax — railroads — special franchises — review of assessments — statutory requirement as to allegations of complaint and petition applicable only "so far as practicable" — general statements sufficient where relator set forth all the information it had — relief properly denied when it fails to set forth facts within its knowledge — defect in petition for certiorari waived by filing of return.

1. The statutory provisions as to specifications to be alleged in protests and complaints on grievance day and in petitions for writs of certiorari to review assessments (Tax Law, §§ 37, 290) are applicable

to review of assessments of special franchises only " so far as practicable." (L. 1899, ch. 712, §§ 44, 45; L. 1896, ch. 908, §§ 36, 250.)

2. Where the state board of tax commissioners made an assessment of special franchises of a railroad by combining its crossings in groups and assigning a certain sum as the value of each group instead of giving the assessment for each crossing separately, it does not lie with it to object that protests or complaints as to such assessments are general instead of specific, and where the railroad in its complaint and petition stated " that the assessment of its property is excessive and erroneous by reason of overvaluation and that it is unequal in comparison with the assessments made on similar property similarly situated," and that it " is unable to point out the specific instances of inequality because of the refusal of the state board of tax commissioners to allow it to inspect the rolls and ascertain what similar property similarly situated has been assessed at," such allegations comply with the statute so far as practicable and are sufficient.

3. The same reasoning applies to a complaint and petition on the ground of inequality and to a claim for a reduction of assessment of bridges for carrying highways across the railroad tracks. Where the relator set forth all the information which it had, this was sufficient to permit a review of the assessment.

4. Where it appears that the relator had accurate knowledge as to certain crossings which it had occupied before a highway was laid out but failed to set forth such information in its complaint and petition, the court was justified in withholding relief from their improper assessment on the ground of the insufficiency of the petition.

5. A defect in a petition for a writ of certiorari is waived by the filing of a return thereto before moving to quash said writ. (*People ex rel. N. Y. & R. B. Ry. Co.* v. *Tax Comrs.*, 157 App. Div. 496; affd., 209 N. Y. 599, followed.)

*People ex rel. Long Island R. R. Co.* v. *State Board of Tax Comrs.*, 193 App. Div. 297, modified.

(Argued April 19, 1921; decided May 31, 1921.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the second judicial department, entered August 30, 1920, which modified and affirmed as modified an order of Special Term in a certiorari proceeding to review an assessment upon special franchises of the relator in the boroughs of Kings and Queens in the city of New York for the year 1908.

*Alfred A. Gardner* and *Joseph F. Keany* for relator, appellant and respondent. The assessments for prior occupation crossings should have been canceled. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Woodbury,* 203 N. Y. 167; *People ex rel. N. Y. & R. B. R. R. Co.* v. *Tax Comrs.,* 157 App. Div. 496; 209 N. Y. 599; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Gourley,* 198 N. Y. 486; *People ex rel. Am. Thread Co.* v. *Feitner,* 30 Misc. Rep. 644; *People ex rel. N. Y. Edison Co.* v. *Feitner,* 39 Misc. Rep. 474; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Keno,* 61 Misc. Rep. 345; *People ex rel. Littman* v. *Wills,* 91 App. Div. 172; *Peeple ex rel. Dufour* v. *Wells,* 85 App. Div. 445; *People ex rel. Glen Head Realty Co.* v. *Garland,* 72 Misc. Rep. 414; *People ex rel. Suburban Investment Co.* v. *Miller,* 73 Misc. Rep. 217; *Rice Memorial Hospital* v. *Village of North Tarrytown,* 187 App. Div. 855; *People ex rel. Powder Co.* v. *Feitner,* 41 App. Div. 546.) The state board prevented relator from specifying the extent of overvaluations and details of inequalities and cannot now claim any defect in relator's protests and in the petition with respect to overvaluation and inequality. (*People ex rel. N. Y. C. R. R. Co.* v. *Gourley,* 198 N. Y. 486; *People ex rel. N. Y. & R. B. R. R. Co.,* 157 App. Div. 496; 209 N. Y. 599.)

ᐟ *Charles D. Newton, Attorney-General* (*Martin Saxe* and *Charles R. McSparren* of counsel), for state board of tax commissioners, respondent and appellant. *John P. O'Brien, Corporation Counsel* (*William H. King, Eugene Fay* and *Paul F. Lorzer* of counsel), for city of New York, respondent and appellant. It was error to allow reduction for overvaluation, the relator having failed in its complaints filed on grievance day to comply with the provisions of sections 37 and 45a and in its petition for the writ with the provisions of sections 46 and 290 of the Tax Law. (*People ex rel. Thomson* v. *Feitner,* 168 N. Y. 441; *People ex rel. Broadway Realty Co.* v. *Feitner,*

168 N. Y. 661; *People ex rel. Zollikoffer* v. *Feitner,* 168 N. Y. 674; *People ex rel. Edison Elec. Ill. Co.* v. *Feitner,* 178 N. Y. 577; *People ex rel. McClure Publications* v. *Purdy,* 213 N. Y. 658; *People ex rel. Soeurbee* v. *Purdy,* 222 N. Y. 657; *People ex rel. Sutphen* v. *Feitner,* 27 Misc. Rep. 384; 45 App. Div. 542; *People ex rel. Greenwood* v. *Feitner,* 77 App. Div. 428; *Hilton* v. *Fonda,* 86 N. Y. 339; *Brown* v. *Otis,* 98 App. Div. 554; *People ex rel. German Looking Glass Co.* v. *Barker,* 75 Hun, 6; *Matter of MacLean,* 138 N. Y. 158.) It was error for the court to allow reduction from the assessments for value of highway bridges, there being no authority to do so as no such issue or claim was contained in the petition for the writ or in the complaints filed on grievance day. (*People ex rel. Comcl. Ins. Co.* v. *Coleman,* 30 N. Y. Supp. 379.) The determination of the Appellate Division refusing to reduce the assessments for inequality should be affirmed, it appearing that the relator failed to present that issue in its petition in conformity with the requirements of section 290 of the Tax Law. (*People ex rel. O' Neil* v. *Purdy,* 188 App. Div. 485; *People ex rel. H. & M. Ry. Co.* v. *Tax Comrs.,* 143 App. Div. 26; 203 N. Y. 26; *People ex rel. Central Hudson Gas & Electric Co.* v. *Tax Comrs.,* 219 N. Y. 577; *People ex rel. Warren* v. *Purdy,* 177 N. Y. Supp. 45; 171 App. Div. 936.) The affirmance by the Appellate Division of the refusal of Special Term to allow a deduction from the assessments for valuation of crossings as prior occupations was proper, as no such issue or claim was contained either in the petition or in the complaints filed on grievance day. (*People ex rel. Soeurbee* v. *Purdy,* 179 App. Div. 748; 222 N. Y. 657; *Matter of N. Y., Ont. & West. R. R. Co.,* 155 App. Div. 866; *People ex rel. Niagara Falls L., H. & P. Co.* v. *State Board,* 202 N. Y. 426; *People ex rel. Troy Gas Co.* v. *Hall,* 203 N. Y. 312; *People ex rel. N. Y., W. S. & B. R. R. Co.* v. *Hyde,* 143 App. Div. 321; 204 N. Y. 666; *People ex rel. N. Y. C. R. R. Co.* v. *Woodbury,* 203 N. Y.

167; *People ex rel. T. R. Co.* v. *Purdy*, 174 App. Div. 702; *People ex rel. Cord Meyer Co.* v. *Feitner*, 39 Misc. Rep. 467, 468; *People ex rel. Brown* v. *O'Rourke*, 31 App. Div. 583.)

McLaughlin, J. . Cross-appeals from an order of the Appellate Division, second department, modifying an order of the Special Term in a certiorari proceeding to review an assessment for taxation for the year 1908 upon the relator's special franchise to maintain and operate its railroad across streets and highways in the boroughs of Brooklyn and Queens.

The validity of the assessment was challenged upon the grounds: (a) Over-valuation; (b) inequality; (c) that the assessment in certain cases included the value of bridges carrying highways over the railroad tracks; and (d) prior occupation by relator of certain crossings. The court at Special Term sustained the relator's claim as to a, b, c, and disallowed its claim as to d. Each of the parties appealed. The Appellate Division modified the order of the Special Term by reversing certain conclusions of law relating to the relator's claim of inequality and found, in lieu thereof, other conclusions of law disallowing such claim. The state board of tax commissioners and the city of New York appeal from the order, claiming that the assessment as originally made should be confirmed without reduction. The relator appeals because the Appellate Division modified the order of the Special Term by disallowing the claim for inequality, and also because the Special Term and Appellate Division refused to reduce the assessment by eliminating the valuation for certain crossings on the ground of prior occupation.

The principal contention of the state board of tax commissioners and the city of New York is that the protests and complaints filed by the relator on grievance day, and the petition for the writ of certiorari to review the assessment, did not comply with the statute per-

**226** People ex rel. L. I. R. R. Co. *v.* Tax Comrs.

[231 N. Y. 221]     Opinion, per McLaughlin, J.     [May,

mitting such review. The statute provides that the complaint on grievance day shall specify the respect in which the assessment complained of is incorrect (Tax Law [Cons. Laws, ch. 60], sec. 37); that the petition for the writ, if the claim be illegality, shall specify the grounds; if erroneous by reason of over-valuation, the extent thereof; and if unequal, the instances in which such inequality exists, the extent thereof, and that the relator is or will be injured thereby. (Tax Law, sec. 290.) These statutory provisions, as pointed out by Justice Blackmar in his opinion at the Appellate Division, applied to assessments for local taxation in the different tax districts of the state, and when the system of taxation of special franchises was adopted, these requirements were made applicable to proceedings to review assessments therein only " so far as practicable " (Laws of 1899, chap. 712, secs. 44, 45; Laws of 1896, chap. 908, secs. 36, 250), and upon the facts here presented the statute could not be strictly complied with. This conclusion seems to me to be entirely correct. The state board of tax commissioners did not give the assessment for each crossing separately, but in the aggregate for certain groups. The result of that way of making the assessment was that the relator did not know, until the return to the writ was made, the amount of the assessment on each special franchise, nor how much was due to the valuation of the tangible property and how much to the intangible right. It did not know what the valuation was, either when it made its protest on grievance day, or when it presented the petition for the writ of certiorari. It could not, therefore, specify in its complaint or petition the respect in which the assessment was incorrect as to valuation, and it is difficult to see how it could do any more than it did. The impossible was not required. In its complaint it stated: " That the assessment of its property is excessive and erroneous by reason of over-valuation and that it is unequal in comparison with the assessments made **on**

similar property similarly situated." This statement was followed by another to the effect that the relator " is unable to point out the specific instances of inequality because of the refusal of the State Board of Tax Commissioners to allow it to inspect the rolls and ascertain what similar property similarly situated has been assessed at."

The notice of assessment sent to the relator, as above indicated, did not give a separate assessment for each crossing. It combined the crossings in larger or smaller groups and then assigned a certain sum as the value of each group. Obviously, this gave the relator no information as to how much was assessed for tangible property and how much for the intangible privilege of using the crossings.

If the state board of tax commissioners saw fit to make an assessment in this general way it does not lie with it to object that protests or complaints of property owners are general instead of specific. The complaint had to be general because the relator did not have sufficient knowledge to make it specific. Knowledge on this subject was withheld by the tax commissioners. Under such conditions, unless a general statement containing all the information which the relator had could be made, then there would be no way in which it could proceed to have an erroneous assessment corrected. If it did not know what the valuation was it was impossible for it to state in the petition for the writ the extent of such over-valuation. I think the protests filed on grievance day and the petition complied with the statute so far as was practicable, and this is all that the statute required.

The same reasoning applies to the complaint and petition on the ground of inequality. The relator in this respect did all it could do. It set forth all the information which it had and this was sufficient to permit a review of the assessment.

The same reasoning also applies to the claim for reduction of assessment of bridges for carrying highways across the railroad tracks. The relator did not know whether the value of such bridges had been included in the assessment, or if so, the amount thereof, and there was no way in which it could ascertain such knowledge. It was, by the action of the state board of tax commissioners, prevented from acquiring information of this kind.

The relator is undoubtedly correct in its contention that certain of the crossings which it occupied before the highway was laid out were not subject to assessment. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Woodbury,* 203 N. Y. 167.) The learned justice at Special Term, however, denied relief in this respect because of the insufficiency of the petition. The relator could have set out this information in the complaint filed on grievance day as well as in the petition for the writ. It had accurate knowledge as to the crossings over which it had prior occupancy, and its failure to set forth such information justified the court in withholding relief in this respect.

The tax commissioners had jurisdiction of the subject-matter. They were not acting without authority, since they had general jurisdiction over the subject of assessments of special franchises. Whether or not certain street crossings were subject to assessment depended upon ascertainment of the facts as to prior occupancy. They had in the first instance power to determine such fact, and having determined it, their act was valid and binding until challenged in the way pointed out by statute.

The objection to the sufficiency of the petition is also met by the further fact that the state board of tax commissioners did not, before filing a return thereto, move to quash the writ and it is urged with much force that the failure to do so waived any defect in the petition.

(*People ex rel. N. Y. & R. B. Ry. Co.* v. *State Board of Tax Commissioners*, 157 App. Div. 496; affd., 209 N. Y. 599.)

The order of the Appellate Division, in so far as it modified the order of the Special Term, should be reversed, with costs in this court and Appellate Division, and the order of the Special Term affirmed.

HISCOCK, Ch. J., CHASE and HOGAN, JJ., concur; CARDOZO, POUND and ANDREWS, JJ., vote to reverse order of Appellate Division so far as appealed from by state board of tax commissioners and city of New York, and in other respects to affirm the same.

Ordered accordingly