THE PEOPLE OF THE STATE OF NEW YORK ex rel. WESTERN NEW YORK AND PENNSYLVANIA RAILWAY COMPANY, Respondent, *v.* THE STATE TAX COMMISSION, Appellant.

(Three Proceedings.)

*Tax — State — water and watercourses — riparian rights — railroads — franchise tax — State may not by legislation after it has parted with shores and bed of river destroy riparian rights without compensation — acquisition by State of strip of shore for canal crossing does not make river public navigable stream — right of railroad to erect bridge over non-navigable stream not a special franchise.*

1. The State cannot by means of statutes declaring a river navigable, enacted after it has parted by grant with title to the shore and bed thereof, diminish or destroy without compensation, rights of property of the riparian owners derived from such grants. Nor does the fact that the State thereafter became the proprietor of narrow strips of shore, where a canal prism crossed the river, result in making the river a public navigable stream in front of such strips, when it was in fact not navigable there for any purpose and at all other points was in private ownership.

2. The right of a railroad corporation, therefore, to erect its bridges across a river upon the right of way owned by it does not constitute a special franchise where the evidence sustains findings that the river is not and, in its natural state, never has been navigable for any purpose at the places where the bridges have been erected and in the stretches between them.

*People ex rel. Western N. Y. & Penn. Ry. Co. v. State Tax Comm.,* 215 App. Div. 728, affirmed.

(Argued January 24, 1927; decided March 1, 1927.)

APPEAL in three separate proceedings, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 21, 1925, which affirmed an order entered upon the report of a referee in certiorari proceedings to review the proceedings of the State Tax Commission in levying special franchise assessments against relator for crossings of the Genesee river by its bridges and tracks in the towns of Leicester, Mt. Morris, Genesee Falls and Portage.

*Albert Ottinger, Attorney-General (Frederick J. Merriman* of counsel), for appellant.

*Frank Rumsey* for respondent.

*Per Curiam.* The evidence sustains the findings that the Genesee river is not and, in its natural state, never has been navigable for any purpose at the places where the bridges have been erected and in the stretch of twenty-two miles between such bridges. The statutes declaring the Genesee river navigable were enacted after the State had parted by grant with title to the shores and bed of the river. (*Commissioners of the Canal Fund* v. *Kempshall*, 26 Wend. 404.) The State could not by means of such statutes diminish or destroy without compensation rights of property of the riparian owners derived from such grant. (*Morgan* v. *King*, 35 N. Y. 454; *United States* v. *Cress*, 243 U. S. 316.) The rights of riparian owners were not affected by the statute. The fact that the State thereafter became the proprietor of narrow strips of shore where the canal prism crossed the river could not result in making the river a public navigable stream in front of such strips when it was in fact not navigable there for any purpose and at all other points was in private ownership. For these reasons we agree with the courts below that the right of the relator to erect its bridges across the Genesee river upon the right of way owned by it does not constitute a special franchise.

No question has been raised as to whether the right to erect a railroad bridge resting on abutments on private

property across a stream, the bed of which is in private ownership, even though to some extent the river can be used for navigation, constitutes a special franchise unless the bridge so erected does actually interfere and obstruct the use to which the public could subject the stream. We, therefore, do not pass upon it.

The order should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; KELLOGG, J., not sitting.

Order affirmed.