THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERIE RAILROAD COMPANY, Appellant, *v.* STATE TAX COMMISSION, Respondent.

SAME, Appellant, *v.* SAME, Respondent.

Jurisdiction — tax — certiorari — motion to quash writ of certiorari admits facts alleged — where allegations show lack of jurisdiction to assess, motion to quash should be denied — absence of complaint on grievance day does not prevent attack for lack of jurisdiction — issue of jurisdiction may be raised at any time.

1. Motions to quash writs of certiorari to review assessments of special franchises are deemed to admit the facts alleged in the petitions, and where, in view of such admissions, it appears that questions of fact as to the existence of special franchises were erroneously determined by the State Tax Commission and that no jurisdiction resided in the Commission to assess, the motions to quash should be denied.

2. The absence of complaint on grievance day and of allegations of the existence of such complaint in the petitions, as provided by sections 46 and 290 of the Tax Law, does not prevent attack on the assessments as void for lack of jurisdiction.

3. The rule reiterated that the issue of jurisdiction may be raised at any time. (*People ex rel. Long Island R. R. Co.* v. *State Tax Comm.*, 231 N. Y. 221, 228, limited.)

*People ex rel. Erie R. R. Co.* v. *State Tax Comm.*, 221 App. Div. 200, reversed.

*People ex rel. Erie R. R. Co.* v. *State Tax Comm.*, 217 App. Div. 811, reversed.

(Argued October 7, 1927; decided November 22, 1927.)

APPEAL in the first above-entitled proceeding from an order of the Appellate Division in the third judicial department, entered May 9, 1927, which reversed an order of Special Term denying a motion to quash a writ of certiorari to review a tax assessment and granted said motion.

Appeal in the second above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the third judicial department, entered October 4, 1926, which affirmed an order of Special Term granting a motion to quash a writ of certiorari to review a tax assessment.

*Frederick Collin, Ross M. Lovell* and *Marion H. Fisher* for appellant. The filing of objections and an appearance are not a prerequisite, under the Tax Law, to the validity of the writ issued for the purpose of reviewing assessments alleged to be made without jurisdiction and void. (*People ex rel. Shepard* v. *Griffin*, 208 App. Div. 137; *Rice Memorial Hospital* v. *Village of Tarrytown*, 187 App. Div. 855; *Bowe* v. *McNab*, 11 App. Div. 386; *People ex rel. Littman* v. *Wells*, 91 App. Div. 172; *People ex rel. American Thread Co.* v. *Feitner*, 30 Misc. Rep. 641; *People ex rel. Powder Co.* v. *Feitner*, 41 App. Div. 544; *Dale* v. *City of New York*, 71 App. Div. 227; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Keno*, 61 Misc. Rep. 345;

324   People ex rel. Erie R. R. Co. v. Tax Comm.

[246 N. Y. 322]        Opinion, per O'Brien, J.                [Nov.,

*People ex rel. New York Edison Co.* v. *Feitner,* 39 Misc. Rep. 474; *People ex rel. Suburban Investment Co.* v. *Miller,* 73 Misc. Rep. 214; *People ex rel. Glen Head Realty Co.* v. *Garland,* 72 Misc. Rep. 413; *People ex rel. Strong* v. *O'Donnel,* 47 Misc. Rep. 226; *People ex rel. Chambers* v. *Wells,* 110 App. Div. 336; *Matter of Douglas,* 48 Hun, 318.)

*Albert Ottinger,* Attorney-General (*Frederic J. Merriman* of counsel), for respondent.   The relator, in both cases, was precluded from reviewing the assessments by its failure to appear before the assessors on grievance day or file objections with the State Tax Commission fifteen days before the date of hearing as provided by sections 37 and 45-a of the Tax Law.   (*People ex rel. Zollikoffer* v. *Feitner,* 34 Misc. Rep. 302; 63 App. Div. 615; 168 N. Y. 674; *People ex rel. Horton* v. *Ferguson,* 120 App. Div. 563; *People ex rel. O'Neil* v. *Purdy,* 188 App. Div. 485; *People ex rel. Dexter Sulphite P. & P. Co.* v. *Hughes,* 216 App. Div. 626; *People ex rel. Powdered Milk Co.* v. *Rowe,* 161 N. Y. Supp. 1064; *People ex rel. L. I. R. R. Co.* v. *Tax Comm.,* 231 N. Y. 221; *People ex rel. Mutual Union Tel. Co.* v. *Commissioners of Taxes,* 99 N. Y. 254; *People ex rel. Champlin* v. *Gray,* 185 N. Y. 196; *People ex rel. Trojan Realty Corp.* v. *Purdy,* 174 App. Div. 702; *People ex rel. W. S. R. R. Co.* v. *Adams,* 125 N. Y. 471.)

O'Brien, J.   Relator enjoys special franchises in Newburgh and in Jamestown which have been assessed for purposes of taxation.   One petition upon which an order of certiorari to review assessments was granted alleges that relator's right to occupy the crossing at South Water street in Newburgh is not a special franchise and that the assessment at that location is illegal, erroneous and incorrect.   The ground alleged for such illegality is that at the time the railroad and right of way were

constructed, that street was not a public highway and was not opened as such until many years after the construction of the railroad. The other petition alleges that relator's right to occupy the crossings and bridges at Chautauqua outlet and at West Second street in Jamestown do not constitute special franchises for the reason that the bed of Chautauqua outlet is owned by private proprietors and is not a public navigable water and that the occupancy by the railroad at West Second street is a prior occupancy. The motions to quash the writs are deemed to admit the facts alleged in the petitions and are based upon the fact that relator failed to comply with the provisions of section 45-a of the Tax Law (Cons. Laws, ch. 60), and neglected to appear on grievance day and file objections to the assessments. Accepting, for the purposes of the motion to quash, the allegations concerning South Water street in Newburgh and West Second street and Chautauqua outlet in Jamestown, no special franchises existed at these locations and no jurisdiction resided in the Commission to assess. (*People ex rel. N. Y. C. R. R. Co.* v. *Woodbury,* 203 N. Y. 167; *People ex rel. W. N. Y. & P. Ry. Co.* v. *Tax Commission,* 244 N. Y. 596.) In the absence of complaint on grievance day and of allegations of the existence of such complaint in the petitions as provided by sections 46 and 290 of the Tax Law, the question remains whether relator may attack the assessments as void for lack of jurisdiction,

We think that such an attack must be sustained. Except for an expression in *People ex rel. Long Island R. R. Co.* v. *State Tax Commission* (231 N. Y. 221, 228) no doubt could exist. When that expression is considered in relation to the unbroken line of precedents by which this court has uniformly held for more than half a century that the issue of jurisdiction can be raised at any time, the statement in that opinion cannot be accepted as an actual decision overruling the doctrine so long and consistently expounded by us. The jurisdiction of the

326    People ex rel. Erie R. R. Co. v. Tax Comm.

[246 N. Y. 322]        Opinion, per O'Brien, J.            [Nov.,

Commission extends only to assessment of something which the law makes assessable. Whether the thing is assessable depends upon facts. If the facts are that the railroad occupied the locations at South Water street in Newburgh and at West Second street in Jamestown before these streets were opened as public highways and that Chautauqua outlet is not a public navigable water, then the law is clear that no special franchises existed at these crossings and that nothing was there assessable. (Section 2, subd. 6, Tax Law.) The Commission investigated the facts and must be deemed to have decided that the streets became public highways before occupancy by the railroad and that the stream was public and navigable. In view of the admissions made by the motions to quash, these questions of fact have been incorrectly decided by the Commission and, accordingly, there was no jurisdiction to assess. The Commission erroneously determined the existence of facts essential to its jurisdiction and, therefore, its acts in assessing property exempt from assessment were void. ( *Nat. Bank* v. *City of Elmira*, 53 N. Y. 49; *Dorwin* v. *Strickland*, 57 N. Y. 492; *Matter of N. Y. C. Protectory*, 77 N. Y. 342; *Matter of McLean* v. *Jephson*, 123 N. Y. 142; *Ogden City* v. *Armstrong*, 168 U. S. 224; *Elmhurst Fire Co.* v. *City of New York*, 213 N. Y. 87.) In the case last cited we reaffirmed the rule relating to assessors' jurisdiction in this language: " In making the determination they act judicially and within the sphere of their duty, but their decision is not conclusive as to their jurisdiction. They were officers clothed by statute with limited powers, and their decision on a question determinative of their authority is not final and may be attacked collaterally. When a statute, as in this case, leaves to the assessing officers questions of a jurisdictional character it is well settled that their decision does not preclude parties aggrieved from resorting to judicial remedies. When their authority depends upon the existence of some fact, which they

erroneously determine to exist, their acts pursuant to it are void."

In the Jamestown case the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.   In the Newburgh case the order of the Appellate Division and that of the Special Term should be reversed, and the motion to quash denied, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; KELLOGG, J., not sitting.

Ordered accordingly.