THE PEOPLE OF THE STATE OF NEW YORK ex rel. THREE FOUR THREE REALTY CORPORATION, Relator, *v.* JOHN W. BYRNE, Commissioner of Assessment and Taxation, and Another, Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FANTILL REALTY COMPANY, INC., Relator, *v.* JOHN W. BYRNE, Commissioner of Assessment and Taxation, and Another, Respondents.

Supreme Court, Rensselaer County, October, 1933.

*Harry G. Coplon,* for the relators.

*Frank S. Parmenter* [*Joseph F. Purcell* and *Joseph E. Spain* of counsel], for the respondents.

STALEY, J. The respondents herein move to quash the writs of certiorari granted in the above proceedings. Such motions are deemed to admit the facts alleged in the petition. (*People ex rel. Erie R. R. Co.* v. *Tax Comm.,* 246 N. Y. 322.)

The controversy, therefore, involves the sufficiency of the facts set forth in the petition and the questions as to the procedure of the relators essential to make the writs valid and effective.

The respondents challenge the sufficiency of the proceedings on the following grounds:

(1) That no certified copy of the writ was served pursuant to the provisions of section 1294 of the Civil Practice Act.

(2) That the writ was not made returnable within the time required by the provisions of section 1296 of the Civil Practice Act.

(3) That there was a defect of parties in that all the members of the board of review were necessary parties and were not joined as respondents or in the character of such board of review.

As to the first objection, if such could be given consideration

on this motion, it would seem a sufficient answer to say that it does not appear whether a certified copy or uncertified copy of the writ was served in these proceedings.

In the review of assessments the provisions of the Tax Law are exclusive. Under the Civil Practice Act the writ of certiorari is abolished, except writs under the Tax Law or other statutes to review assessments for the purposes of taxation placed upon local tax rolls. (Civ. Prac. Act, § 1283.)

The provisions of section 1294 as to the manner of service, except where different directions are given by the court, relate to a certiorari order. Section 291 of the Tax Law requires no procedure beyond the allowance of the writ and a direction " therein " of the time within which a return " thereto " must be made and served.

The cases of *People ex rel. N. Y. C. R. R. Co.* v. *Block* (178 App. Div. 251) and *People ex rel. Empire Mortgage Co.* v. *Cantor* (198 id. 317) relate to the statutory writ of certiorari for which provision was made in the Code of Civil Procedure. Such writ is abolished and has now been superseded by a statutory order of certiorari which brings up for review the jurisdiction and method of procedure and determination of an inferior body upon proceedings completed and terminated.

The writ of certiorari under the Tax Law involves a proceeding which permits a redetermination of all questions of fact upon evidence to be taken. It is in the nature of a pleading involving a controversy to be determined, and the provision of section 1294 of the Civil Practice Act does not apply to the method of its prosecution.

As to the second objection, section 1296 of the Civil Practice Act provides that the " certiorari order " must be returnable within twenty days after the service thereof.

Section 291 of the Tax Law, which is controlling here, provides that the time within which a return must be made and served shall be prescribed by the court or justice allowing the writ, and that such time shall not be less than ten days and be subject to an extension. The requirements of the Tax Law were fully complied with as far as the time of the return directed to be made in these proceedings.

As to the third objection, the petitions allege that on August 9, 1933, the relators filed with said assessors a verified protest or complaint in writing against said assessments.

Section 290 of the Tax Law provides that the petition for the writ " must show that an application has been made in due time to the proper officers to correct such assessment." Such application

undoubtedly referred to the making of a complaint or protest upon grievance day, and the making of such complaint or protest is essential to the right to invoke a review by certiorari.

The city of Troy comes under the provisions of chapter 300 of the Laws of 1921, and section 3 of said law provides as follows:

" § 3. Board of review. The chief fiscal officer of the city, the legal advisor of the city and commissioner of assessment and taxation, are hereby constituted a board of review *to hear and determine complaints* in relation to the assessment roll provided by law, unless by ordinance some other board of review is created."

Under this provision the board of review is expressly authorized and charged with the duty to hear and determine complaints and the members of such board are required to become active participants in the determination of the final assessments where complaints are made. They are undoubtedly necessary parties to the proceeding to review the assessments. (*People ex rel. Union Bag & Paper Co.* v. *Gilbert*, 143 Misc. 287.) This board consists of the commissioner of assessment and taxation, the comptroller and corporation counsel of the city; two members of such board in the character of their specific offices are made parties. The corporation counsel is not a party, nor are the three officers as constituting the board of review a party.

Under the liberal provisions prevailing in this State in regard to practice, the relators should be permitted to amend the title to their petitions and include all the members of the board of review in their capacity as such board. (Civ. Prac. Act, § 105; *People ex rel. Durham Realty Corporation* v. *Cantor*, 234 N. Y. 507.)

Orders may, therefore, be entered in such proceeding denying the motions to quash the writs of certiorari herein, without costs.

The relators herein may present orders amending the proceedings by including the board of review and prescribing therein that the board of review be served with said writs and that the writs against said board be returnable at the Special Term of this court appointed to be held at the court house in the city of Albany, county of Albany, on December 8, 1933.