The People of the State of New York ex rel. The Lehigh Valley Rail Way Company and Lehigh Valley Railroad Company, Relators, v. Frederick Clover and Others, as Assessors and Trustees, and James F. Burns, as Mayor and Trustee, Constituting the Board of Trustees of the Village of Victor, Ontario County, New York, Respondents.*

Supreme Court, Ontario County, August 6, 1940.

*Moser & Reif* and *Willard M. L. Robinson*, for the relators.

*O'Brien, McSweeney & Malone* [*Edward T. Malone* of counsel], for the respondents.

Wheeler, J. This is a proceeding under the Tax Law for a writ of certiorari to review the 1940 assessment for taxes on relators' real property in the village of Victor, N. Y.

Respondents ask to have the proceeding dismissed upon the ground that the petition was not presented to the Special Term

---

* See, also, 174 Misc. 44.

within thirty days after the final completion and filing of the assessment roll, and publication of notice thereof, as required by section 109 of the Village Law and section 291 of the Tax Law.

Admittedly the petition was not so presented within the thirty-day period. It appears that on December 29, 1930, which was within the thirty-day limitation, a prior writ of certiorari was issued out of this court to review this same assessment. This writ was served properly upon the village clerk as required by statute, but was subsequently quashed by the Special Term upon the ground that the mayor of the village was a necessary party.

The relator under these circumstances seeks to invoke the aid of section 23 of the Civil Practice Act, which provides as follows: " If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * ·* * may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination."

The respondents contend that the limitation prescribed by the foregoing section does not apply, as the proceeding was brought under a special law (Tax Law) having its own limitation of time so incorporated with the remedy as to make it an integral part of it, and a condition precedent to the maintenance of the proceeding. It is further urged by respondents that the section does not apply because in the prior proceeding the court did not obtain jurisdiction of respondents, and, therefore, that proceeding should be considered as a nullity.

I am of the opinion that neither of respondents' points is well taken. The object of section 23 is in harmony with the fundamental policy which seeks to assure every litigant his day in court. It is to permit a party who, through technical error or mistake in the form of remedy employed, has been unable to present the real merits of the controversy in the first action to pursue his real right under a more appropriate form of action. (*Bellinger* v. *German Insurance Co.*, 51 Misc. 463; affd., 113 App. Div. 917.)

The courts have frequently applied the provisions of the Code and the Civil Practice Act to the Tax Law (*People ex rel. N. Y. C. R. R. Co.* v. *Block*, 178 App. Div. 251, 252), also to other statutory actions. (*Sharrow* v. *Inland Lines, Ltd.*, 214 N. Y. 101, 108; *Conolly* v. *Hyams*, 176 id. 403; *Gaines* v. *City of New York*, 215 id. 533.)

In the *Gaines* case (*supra*) Judge CARDOZO, referring to section 405 of the Code of Civil Procedure (now Civ. Prac. Act, § 23), stated: " The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction."

The Court of Appeals in the *Gaines* case also disposed of the question of lack of jurisdiction in the original action in the following language: " There is nothing in the reason of the rule that calls for a distinction between the consequences of error in respect of the jurisdiction of the court and the consequences of any other error in respect of a suitor's rights."

In the earlier case of *Conolly* v. *Hyams* (*supra*) the policy of the court was set forth as follows: " The tendency of the latest decisions of this court has been to extend to all claims the benefit of the exceptions given by the Code of Civil Procedure to the bar of the Statute of Limitation, except where there is an express statute or contract to the contrary." This view has been uniformly approved by later cases.

The authorities on this subject are carefully reviewed in *People ex rel. Wheeler* v. *Neafsey* (142 Misc. 692). This decision is an authority for the proposition that section 23 of the Civil Practice Act is applicable to proceedings under the Tax Law.

The case of *Hill* v. *Board of Supervisors of Rensselaer County* (119 N. Y. 344), cited by respondents, is no longer considered as a controlling authority. (*Gaines* v. *City of New York, supra; Hoffman* v. *Delaware & Hudson Co.*, 163 App. Div. 50.)

For the reasons stated the motion to vacate petition and order and quash the writ of certiorari is denied, with costs.

Enter order accordingly.