THE PEOPLE OF THE STATE OF NEW YORK ex rel. CITY OF NEW YORK, Relator, against ALGER B. CHAPMAN et al., Constituting the Tax Commission of the State of New York, et al., Respondents.

Supreme Court, Special Term, Albany County, August 17, 1948.

*Travis H. Whitney* and *Edwin D. Kyle* for Consolidated Edison Company of New York, Inc., petitioner.

*Charles E. Murphy, Corporation Counsel* (*William F. Murphy* and *Morris Handel* of counsel), for relator.

*Nathaniel L. Goldstein, Attorney-General* (*Edward J. Grogan, Jr.,* of counsel), for respondents.

ELSWORTH, J. The Consolidated Edison Company of New York, Inc., the owner of special franchises in the boroughs of Brooklyn, The Bronx and Queens, by petition seeks leave to intervene in three proceedings instituted by the City of New York as relator against the State Tax Commission under the provisions of the Tax Law (§ 45 *et seq.*) to review the final equalization rates fixed by the commission for the year 1947–48 for said boroughs, and asks — if intervention is allowed — the dismissal of the three proceedings.

The Tax Law is silent as to the right of intervention in proceedings to review assessments by certiorari brought thereunder. Under such circumstances of silence, however, pertinent provisions of the Civil Practice Act are applicable for supplying

the details of practice (*Matter of City of Albany* v. *Assrs., Town of Coeymans,* 253 App. Div. 436; *People ex rel. N. Y. C. R. R. Co.* v. *Block,* 178 App. Div. 251). And contrary to the relator City of New York's contention, such rule of applicability holds true with respect to the provisions of article 78 as well as to the other provisions of the Civil Practice Act (*People ex rel. N. Y. C. R. R. Co.* v. *Gilson,* 239 App. Div. 108, affd. 265 N. Y. 457; *Matter of City of Albany* v. *Assrs., Town of Coeymans, supra*). Accordingly, the court is vested with authority '' in its discretion '' to allow intervention in the pending certiorari proceedings '' upon the application of a person specially and beneficially interested in upholding or annulling '' the determination therein sought to be reviewed (see Civ. Prac. Act, § 1298).

Authorities helpful to a determination of the petitioner's applications are meagre. Basically the exercise of sound judicial discretion must control. In *People ex rel. N. Y. C. R. R. Co.* v. *Block* (178 App. Div. 251, *supra*) where the relator was reviewing its assessment by certiorari, another railroad (the only other railroad upon the assessment roll) sought to be made a party upon the ground that its own assessment was being attacked upon the trial. The court in permitting it to be brought in, stated that while the determination would not be *res judicata* against the new party, it '' would naturally influence the assessors in their future action and furnish a certain basis of information upon which they may properly act '' (p. 253). The court further said (p. 253): '' Assessors do not necessarily act upon legal evidence, but may act upon such information as they have. The respondent company was, therefore, specially and beneficially interested in establishing that its assessment was just.''

The petitioner's special franchise assessments in the three boroughs in question for the year 1947–48 are in large amounts. In Brooklyn, its final equalized valuation is $99,354,654, based upon a final rate of 98%; in The Bronx, $44,339,712, based upon a final rate of 96%; and in Queens, $64,906,467, based upon a final rate of 93%. The city's proceedings to review those rates appear purposeless if not brought with the intendment of causing increases therein.

Certainly, the applications at bar are based upon more moving and forceful grounds than those prompting the court's action in the case of *People ex rel. N. Y. C. R. R. Co.* v. *Block* (*supra*). Here, if rate increases result, the petitioner stands to be affected not only as to its future assessments, but as to its presently

fixed and existing 1947–48 assessments, upon which taxes have already been levied. This means added tax obligations for the said tax year 1947–48. The petitioner's interest in the outcome of the pending proceedings is not conjectural — it is rather definite and direct. A proper exercise of the court's discretion makes mandatory the conclusion that the petitioner has a special and beneficial interest entitling it to intervene. And in so holding, the court has considered the city's contention that the petitioner should be held to have no special interest in these proceedings because certain other public service corporations listed in its petitions are similarly situated in their respective boroughs and to permit all of them to intervene would be impracticable. This is found without merit and as presenting no basis for denial to the petitioner of the rights clearly made available to it in the premises by statute.

Assessments — their supervision, review and equalization — are matters for the State Legislature (N. Y. Const., art. XVI, § 2). In the absence of statutory authority therefor, the certiorari proceedings here under consideration are not maintainable by the relator City of New York, and should be dismissed. It asserts that the proceedings are authorized by the provisions of the Tax Law. Such claim will be examined.

The statutory right of review of special franchise assessments is expressly set forth in section 46 of the Tax Law, which provides in part as follows: " An assessment of a special franchise by the tax commission may be reviewed in the manner prescribed by article thirteen of this chapter, and that article applies so far as practicable to such an assessment, in the same manner and with the same force and effect as if the assessment had been made by local assessors　*　*　*." The sole right of review as given under article thirteen of the Tax Law, above referred to, is contained in section 290 thereof, which provides in part as follows: " Any person *assessed upon any assessment-roll,* claiming to be aggrieved by any assessment for property therein, may present to the supreme court a petition　*　*　*." (Emphasis supplied.) It is the relator's claim that the foregoing language of section 290 " is broad enough to cover the City even though it is not ' assessed upon any assessment-roll ' ".

No basis has been found for concurrence in such contention. There is no ambiguity in the statute's language. It is clear and explicit. It limits the right of review to a " person assessed." The City of New York can hardly be a " person assessed " upon its own assessment rolls. To give to the statute the

" broad " meaning sought to be attributed to it by the city wholly perverts its language.  This cannot be sanctioned.

The city has asserted that section 45-a of the Tax Law impliedly authorizes the maintenance of these proceedings.  The section has been examined.  Nothing to support that view has been found therein.

It is the court's considered judgment that the Legislature has failed to make available to the relator City of New York the remedy of review which it seeks in these certiorari proceedings.  Authorization therefor may well be a proper subject for legislative consideration if such review is not already·precluded by implication under section 45-c of the Tax Law which provides that the final equalized valuation of a special franchise as certified by the Tax Commission shall become a part of the assessment roll " with the same force and effect as if such assessment had been originally made by " the municipality's assessors.  That is not presently passed on.

In accordance with the determinations herein made, the applications of the petitioner Consolidated Edison Company of New York, Inc., to intervene and for dismissal of the petitions and quashing of the writs, are granted.

Submit orders.