Louis G. Bruhn, J.
This is a motion on behalf of the City of New York “ for an order pursuant to CPLR § 1012 and § 1013 permitting the City of New York to intervene in the instant proceeding; directing that the pleadings be amended to include the City of New York as a party defendant and that all papers herein, heretofore or hereinafter served upon the State Board of Equalization and Assessment be similarly served upon the City of New York, and allowing the City to serve its answer *46 upon petitioner within twenty days after the service of an order granting this motion, and for such other and further relief as to this Court may seem just and proper, upon the grounds that the City is the real party in interest in this proceeding since the property involved is located in the City of New York; the special franchise assessment complained of is entered upon the City’s assessment rolls along with the other real property in the City; the taxes levied and collected upon the special franchise assessment are the property of and are paid into the City’s treasury; and the judgment entered in the proceeding will consequently materially affect the City’s interests.”
The petitioner resists the motion on the basis that the city would not be a proper party respondent in this proceeding.
An intelligent determination of the question presented gravitates to sections of the Real Property Tax Law as well as CPLR 1012 and 1013.
While the movant urges the provisions of CPLR 1012 as a basis for its relief, this court cannot agree to such contention.
CPLR 1013 provides: 11 Upon timely motion any person may be permitted to intervene in any action when a statute of the state confers a right to intervene in the discretion of the court, or when the person’s claim or defense and the main action have a common question of law or fact. In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party.” (Italics supplied.)
Parenthetically it may be noted that the petitioner has failed to satisfactorily demonstrate an undue delay or prejudice within the concept of this section.
Section 740 of the Real Property Tax Law provides :
“ 1. A special franchise assessment may be reviewed so far as practicable in the manner prescribed by this article for reviewing an assessment of real property. A petition and notice shall be served on the state board, by delivering two copies thereof to a member of such board * * *. An additional copy thereof shall he filed hy the petitioner with the cleric of the city * * * within ten days after the service.
“ 2. A proceeding to review a special franchise assessment shall be maintained against the state board and no such proceeding shall be maintained against any other board or officer unless otherwise directed hy the supreme court or a justice thereof.
“ 3. An adjudication made in any such proceeding shall he binding upon the local assessors and any ministerial officer ivho performs duties relative to the collection of the taxes in the same *47 manner as though they had been parties to the proceeding.” (Italics supplied.)
In view of those provisions, particularly the underlined portions, this court is convinced that, considering the nature of the alleged special franchise involved and the effect it may have on the city, it should exercise its discretion and allow intervention.
That portion of section 742 which provides that the “ state board may appear by counsel designated by the attorney general ” is lacking in persuasiveness to compel a contrary determination. (Italics supplied.)
Therefore, for the reasons stated, the motion is granted, without costs.