A. Franklin Mahoney, J.
This is a motion by the City of New York to intervene as of right (CPLR 1012) or, in the alternative, by permission (CPLR 1013), in a special franchise assessment review pursuant to article 7 of the Real Property Tax Law.
The petitioner has commenced a proceeding pursuant to subdivision 2 of section 740 of the Real Property Tax Law to review a franchise tax assessed against its cable television facilities in New York City. The only named respondent is the State Board of Equalization and Assessment. The proceeding is pending. There has been no undue delay or prejudice.
A review of the appropriate provisions of the Real Property Tax Law, particularly subdivisions 1, 2 and 3 of section 740, clearly demonstrates the inappropriateness of the application to intervene as of right. CPLR 1012 is not applicable to the facts herein.
The issue, then, is whether the statutory language of section 740 of the Real Property Tax Law, as interpreted by the courts, permits the exercise of judicial discretion permitting intervention of municipalities, as distinguished from boards or officers, in franchise tax review proceedings. The city argues that the following language of section 740 of the Real Property Tax Law, relied upon by the court in Matter of Sterling Information Serv. v. State Bd. of Equalization and Assessment (60 Misc 2d 45) compels the conclusion that the city should be permitted to intervene. In the Sterling case the court relied upon the statutory language: “ An additional copy thereof shall be filed by the petitioner with the clerk of the city ” (Real Property Tax Law, § 740, subd. 1); “ A proceeding to review " * * shall be maintained against the state board and no such proceeding shall be maintained against and other body or officer unless otherwise directed by the supreme court or a justice thereof ’ ’ (Real Property Tax Law, § 740, subd. 2); and “ An adjudication made * * * shall be binding upon the local assessors and any ministerial officer who performs duties relative to the collection of the taxes” (Real Property Tax Law, § 740, subd. 3), as evidencing a legislative intent permitting intervention where the judgment to be entered in the proceeding will materially affect the city’s interests. I respectfully disagree.
*520 In my view, the city should not be permitted to intervene in a franchise tax .review proceeding if the statutes foreclose to the city the right to commence such a proceeding itself. The city has a right to complain concerning a special franchise assessment (Real Property Tax Law, art. 6, § 610) but I find no authority authorizing the city to review the final determination of the State board. Subdivision 1 of section 740 of the Real Property Tax Law provides that ‘1 A special franchise assessment may be reviewed so far as practicable in the manner prescribed by this article [7] for reviewing an assessment of real property ”. Subdivision 1 of section 700 of the Real Property Tax Law states: “ A proceeding to review an assessment of real property shall be brought as provided in this article [7] unless otherwise provided by law”. Subdivision 1 of section 702 declares: “A proceeding to review an assessment of real property * * * shall be brought at a special term of the supreme court in the judicial district in which the assessment to be reviewed was made ”. Subdivision 1 of section 704 of the Real Property Tax Law says: “Any person claiming to be aggrieved by any assessment of real .property upon any assessment roll may commence a proceeding under this article [7] ”. The City of New York is not a person nor is it a person assessed. The italicized phrase is used deliberately because it is extracted from former section 290-b of the Tax Law which is the source of the present section 704. Former section 290-b, as well as section 704 of the Real Property Tax Law, clearly limits the right of review to a person assessed. The city can hardly be a “ person ” assessed or aggrieved upon its own assessment rolls. (People ex rel. City of New York v. Chapman, 193 Misc. 27.)
The Tax Law gives to municipalities the right to complain but denies to them the right to review. This is logical because, if the hearing afforded the city as a complainant (Real Property Tax Law, § 610) were not final, the State board would be continually harassed by intervention by municipalities in each proceeding to review by an aggrieved person on the assessment rolls. The rationale is clear. The city would only avail itself of section 610 of the Real Property Tax Law if it felt the special franchise assessment were too low. If the city failed to prevail at the hearing the assessment would become fixed on the city’s assessment rolls. Thereafter, if an aggrieved person (corporation) should institute a proceeding to review, it would be because it felt aggrieved, and the State would be required to defend the interests of the city by resisting the application to reduce the assessment. That the interests of the *521 city are protected is evidenced by the statutory mandate that the costs of such defense be levied against the city. Subdivision 1 of section 742 of the Real Property Tax Law provides that “In any proceeding to review a special franchise assessment, the state board may appear by counsel designated by the attorney general. * * * The compensation of such counsel and experts * * * shall be a charge upon the assessing unit ”, The statutory scheme denying to municipalities the right to intervene is further evidenced by the provision of subdivision 3 of section 740 of the Real Property Tax Law, that ‘1 An adjudication made in any such proceeding shall be binding upon the local assessors and any ministerial officer * * * as though they had been parties ”.
In my view, this court is without discretionary power to grant the relief requested. Intervention by municipalities is statutorily prohibited. I find nothing inconsistent with this holding in People ex rel. Rochester Tel. Co. v. Priest (95 App. Div. 44; 101 App. Div. 223, revd. 181 N. Y. 300). In the Rochester case the Court of Appeals, in construing subdivision 3 of section 740 of the Real Property Tax Law (then Tax Law, § 45), recognized the power of the court to introduce by intervention new parties upon a showing that they had some legal interest that could be unfavorably affected by the judgment; but it stopped far short of saying that the new intervening party could be a municipality already vicariously represented by the Attorney-General. Motion is denied.