(120 App. Div. 650)

PEOPLE ex rel. CONGRESS HALL v. OUDERKIRK et al.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

1. TAXATION—REVIEW—OBJECTION TO ASSESSMENT—SUFFICIENCY.
    An objection to a statement filed with the assessors on "grievance day," complaining of an assessment that it is insufficient, should be made when it is filed, and such objection, raised after the statement has been acted upon comes too late.

2. SAME—CERTIORARI TO REVIEW ASSESSMENT—PETITION—SUFFICIENCY.
    A petition under Tax Law, Laws 1896, p. 882, c. 908, § 250, providing that any person aggrieved by an assessment may present to the Supreme Court a petition setting forth that the assessment is illegal, or erroneous by

reason of overvaluation, or unequal, is not defective because the allegations thereof as to the value of real property are upon information and belief.

3. EVIDENCE—JUDICIAL ADMISSIONS—CONCLUSIVENESS.

An allegation of value of real property, in a petition filed under Tax Law, Laws 1896, p. 882, c. 908, § 250, to secure a review of the action of assessors in assessing the same, while having the force of an admission, is not conclusive, and the value of the property may be shown to be less than therein alleged.

4. REFERENCE—AUTHORITY OF REFEREE—ADOPTION OF REPORT—EFFECT.

Though, in a proceeding under Tax Law, Laws 1896, p. 882, c. 908, § 250, to secure a review of the action of assessors in assessing real property, the referee may have exceeded his authority in reporting findings of fact and conclusions of law, because the order of reference did not in terms authorize him to do so, yet, the court having adopted the same they thereupon became its determination.

5. TAXATION—EVIDENCE—REVIEW OF ASSESSMENT.

The strict rules of evidence applicable to trials do not prevail in a proceeding under Tax Law, Laws 1896, p. 882, c. 908, § 250, to review the action of assessors in assessing real property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 906.]

Appeal from Special Term, Saratoga County.

Certiorari under Tax Law, Laws 1896, p. 882, c. 908, § 250, on relation of Congress Hall, to review the assessment of relator's property by Isaac Y. Ouderkirk and others, assessors of the town of Saratoga Springs. From a judgment confirming the report of the referee and adjudging the assessment to be excessive, and that relator's tax by reason thereof be reduced, the assessors appeal. Affirmed.

The defendants, as assessors of the town of Saratoga Springs, in the year 1905 assessed at the sum of $112,500 certain real estate of the relator, consisting of a hotel in the village of Saratoga Springs. The relator, deeming itself aggrieved by such assessment, filed with the assessors on "grievance day" a statement of such grievance, as required by section 36 of the tax law (Laws 1896, p. 810, c. 908). The assessors acted on such statement and reduced the assessment to $100,000. The relator, still deeming itself aggrieved, instituted this proceeding by writ of certiorari under the provisions of said law. The defendants having made return to such writ, the proceeding was referred. Testimony was taken before the referee, who reported that the assessment of the relator should be still further reduced to the sum of $59,000. Such report having been confirmed by the court, and judgment having been entered thereon, the defendants appeal.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John L. Henning and John A. T. Schwarte, for appellants.
Edgar T. Brackett and Hiram C. Todd, for respondent.

COCHRANE, J. The reason for the reduction in the relator's assessment was inequality, in that it was "made at a higher proportionate valuation than the assessment of other property on the same roll by the same officers." Tax Law, Laws 1896, p. 882, c. 908, § 250. The petition alleges such inequality as the basis of this proceeding, and specifies numerous instances in which such inequality exists, and the extent thereof.

The appellants urge that the complaint filed with them on "grievance day," under section 36 of the tax law, and which constitutes the basis

of this proceeding, was insufficient. They acted thereon, and partly complied therewith by reducing the assessment. The purpose of this statement was to apprise them of the nature of the relator's grievance. If the statement were insufficient, they should have objected thereto when it was filed, and when it might have been corrected. It is now too late to raise such objection. Matter of Corwin, 135 N. Y. 251, 32 N. E. 16.

It is also insisted that said petition is defective because it is on information and belief and does not set forth the sources and grounds thereof. I think the petition complies literally with section 250 of the tax law. Allegations as to the value of real property are necessarily to a large extent matters of opinion and belief. Were such allegations not in form stated to be on information and belief, they would nevertheless be such in fact, although not thus expressly stated. There is nothing in the statute indicating that a petition in a proceeding of this nature may not be on information and belief, or indicating that, when one or more such allegations therein are thus stated, the sources of the information and the grounds of the belief must also be stated. The purpose of the petition is to set in motion the machinery of the tax law to review the proceedings of the assessors. The questions involved are not determined on the return, as in ordinary certiorari proceedings; but it is provided by the statute that evidence may be taken either by the court or by a referee appointed for that purpose, and a determination is made on such testimony, and not necessarily on the petition, writ, and return. Tax Law, § 253; People ex rel. Thomson v. Feitner, 168 N. Y. 441, 456, 61 N. E. 763; People ex rel. Ulster & Delaware Railroad Company v. Smith et al., 24 Hun, 66; People ex rel. Dexter v. Palmer, 86 Hun, 513, 33 N. Y. Supp. 926. The petition in a proceeding under the tax law has no probative force. It has been held that such petition partakes of the nature of a pleading in an ordinary action, and that it is only necessary that it should contain conclusions of fact, and not the evidence in support of such facts. Matter of Corwin, 135 N. Y. 245, 32 N. E. 16; People ex rel. Commercial Mutual Insurance Company v. Tax Commissioners of City of New York, 144 N. Y. 483, 39 N..E. 385; Matter of Nisbet, 3 App. Div. 171, 38 N. Y. Supp. 392. No question was raised in the court below as to the sufficiency of the verification of the petition, and the petition itself sufficiently complied with the statute.

The relator in its petition alleged that the full value of the property was $150,000. It is now claimed that it was error to allow proof that it was in fact worth less than that amount, and that a finding by the referee and court that it was worth $125,000 is erroneous, in view of such allegation in the petition. I suppose that even the owner of property may be mistaken as to its value. The allegation of value in the petition, while having the force of an admission as against the petitioner, is not conclusive. The appellants have not been misled or prejudiced thereby. What has been heretofore said as to the analogy between the petition and a pleading in an action applies here also. There can be no question as to the power of the court to amend the petition if necessary, as a complaint might be amended to conform to the proof. A motion to that effect was made at Special Term and denied. But if improperly

denied, the discrepancy between the petition and the proof should either be disregarded on appeal, or the petition amended to conform to the facts. Chatfield v. Simonson, 92 N. Y. 217. It has been held that the return in this class of cases does not conclude the assessors. People ex rel. Thomson v. Feitner, supra; People ex rel. Ulster & Delaware Railroad Company v. Smith et al., supra; People ex rel. Dexter v. Palmer, supra. If the return does not conclude the assessors, it follows by a parity of reasoning that the petition does not conclude the petitioner.

It is further urged that the order of reference did not authorize the referee to report findings of fact and conclusions of law. It is true that the order did not in terms go to that extent. That, however, is the requirement of the statute; and, if we assume that the referee in this particular exceeded his authority, the court at Special Term expressly adopted his findings of fact and conclusions of law, which thereupon became the determination of the court.

Alleged errors by the referee in ruling on the admissibility of testimony are also urged. None of them are of sufficient importance to call for discussion. The strict rules of evidence applicable to trials do not prevail in this kind of proceeding. People ex rel. Warren v. Carter, 47 Hun, 446; People ex rel. Wallkill Valley Railroad Company v. Keator, 36 Hun, 592, 596.

The merits of the determination are not in any way questioned on this appeal. All of the objections are directed against the practice and form of procedure adopted. After a careful examination, we are satisfied that the determination of the court below was right, and that no substantial errors were committed in reaching such determination.

This is an opportune time to comment on the custom, much too prevalent among assessors, of assessing real estate at less than its full value, in direct violation of the statute. Not only do assessors in following such custom violate their official duties, but consciously, or unconsciously, they swear to an untruth, when in the verification of the assessment roll, which is required, they make oath that they "have estimated the value of the said real estate at the sums which a majority of the assessors have decided to be the full value thereof." Tax Law, § 37. This case is a startling commentary on either the incompetency or willful official dereliction of the assessors. Having first verified their assessment roll, wherein they made oath that they had estimated the value of the real estate at the sums which a majority of them decided to be the full value thereof, they proceeded to establish the falsity of such oath by proving the valuations to be far in excess of the assessments. They called different witnesses before the referee, who testified that, not merely in exceptional instances, but that as a general rule, the actual value of the property inquired about was nearly or quite double the amount for which it was assessed. The assessors seem to have considered their violation of law of no consequence, provided only in making the various assessments they violated it impartially. The referee specified in his report numerous parcels of real estate in reference to which the total assessed valuation was less than one-half the full value, and reported "that said parcels of real estate are

typical of all the property in the town of Saratoga, and fairly represent the ratio of actual assessments to full values in said town for the year 1905." If the assessors were awake to the plain requirements of their official duties, and assessed all real estate as they are commanded to do, at its full value, a litigation like this could scarcely arise. The criticisms here made do not rest alone on these assessors. They have merely followed a custom prevalent in many communities. But it is a custom not only wholly repugnant to the plain mandates of the statute, but also radically at war with the official oaths of the assessors, and also with their oaths to the assessment rolls.

The judgment should be affirmed, with costs. All concur.