THE PEOPLE OF THE STATE OF NEW YORK ex rel. EMPIRE MORTGAGE COMPANY, Appellant, *v.* JACOB H. CANTOR and Others, Respondents.

First Department, October 7, 1921.

Taxation — certiorari to review assessments for taxation upon real property — Tax Law, §§ 290–296, and Greater New York charter, § 906, construed and applied — when Code of Civil Procedure not applicable — question involved not determined on return — petition has no probative force and allegations contained therein are not conclusive — court may amend petition to conform to proof as to value — Appellate Division may disregard discrepancy.

The Tax Law, sections 290–296, together with section 906 of the Greater New York charter, provides for the review of assessments upon real property by certiorari and, in so far as the procedure is established therein, the provisions are exclusive, and the Code of Civil Procedure does not apply, but where the statute is silent the provisions of the Code are effective.

The questions involved are not determined on the return as in ordinary certiorari proceedings, but evidence may be taken, which, with the findings thereon, constitutes a part of the proceedings on which the determination of the court is to be made.

The petition, which partakes of the nature of a pleading in an ordinary action and operates merely to set in motion the statutory proceeding, has no probative force; the allegations of value in the petition have the force of admissions against the petitioner, but are not conclusive.

Hence, where the true value of several lots is less than that stated in the petition of the relator, the court has power to amend the petition to conform to the proof, and upon appeal the Appellate Division can disregard the discrepancy and make such order as the facts justify.

SETTLEMENT of order reversing an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of October, 1920, confirming after a trial assessments for taxation upon real property and dismissing a writ of certiorari. (See 197 App. Div. 437.)

*Lord, Day & Lord,* for the appellant.

*John P. O'Brien, Corporation Counsel,* for the respondents.

PAGE, J.:

The evidence was that the true value of several of the lots was less than that stated in the petition of the relator, and

the corporation counsel contends that the court is concluded by the valuation stated in the petition and cannot grant the relator the relief that the evidence would justify.

The Tax Law (§§ 290–296, as amd. by Laws of 1916, chap. 323; since amd. by Laws of 1920, chaps. 643, 649), together with section 906 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1911, chap. 455), provides for the review of assessments by certiorari, and establishes certain rules of procedure therein. In so far as the procedure is established therein, the provisions are exclusive, and the Code provisions do not apply. But where the statute is silent, the provisions of the Code of Civil Procedure (§ 2120 et seq.) are effective. (*People ex rel. N. Y. C. R. R. Co.* v. *Block*, 178 App. Div. 251, 252.) The questions involved are not determined on the return, as in ordinary certiorari proceedings, but it is provided that evidence may be taken by the court or a referee, which, with the findings thereon, constitutes a part of the proceedings on which the determination of the court is to be made. (Tax Law, § 293, as amd. by Laws of 1916, chap. 323. Since amd. by Laws of 1920, chap. 643.) The purpose of the petition is to set in motion the statutory proceeding, and it has no probative force. The petition partakes of the nature of a pleading in an ordinary action. (*Matter of Corwin*, 135 N. Y. 245, 252; *People ex rel. Commercial Mutual Ins. Co.* v. *Commissioners*, 144 id. 483, 485.) The allegations of value in the petition have the force of admissions against the petitioner, but are not conclusive. If the evidence establishes a lower value, the court would have power to amend the petition to conform to the proof, and upon appeal this court can disregard the discrepancy and make such order as the facts justify. (*People ex rel. Congress Hall* v. *Ouderkirk*, 120 App. Div. 650, 653; Tax Law, § 295; Code Civ. Proc. § 1317.) We have, therefore, made the order in conformity with the opinion heretofore delivered.

Clarke, P. J., Laughlin, Smith and Merrell, JJ., concur.

Order settled and filed.