LEWIS ROSENZWEIG, as Trustee in Bankruptcy of HENRY WECKSLER, Respondent, *v.* HENRY WECKSLER and Others, Appellants, Impleaded with PAUL BRAVERMAN and Others, Defendants.

Fourth Department, November 23, 1932.

*Morris Koffsky,* for the appellants.

*Louis S. Pierce* and *Henry R. Glynn,* for the respondent.

EDGCOMB, J.   The defendants Henry, Sophia and Irene Wecksler move to strike out certain allegations of the complaint as irrelevant and unnecessary, and to compel the plaintiff to separately state and number his causes of action.

The action is one on the case in the nature of a conspiracy to hinder, delay and defraud the creditors of Henry Wecksler in the collection of their just debts.

The gist of an action of this character is the damage caused the plaintiff, and not the conspiracy.   Allegations and proof of a concerted design on the part of the defendants are important for the sole purpose of joining all the defendants and holding them responsible for the acts and declarations of each.   (*Von Au* v. *Magenheimer,* 126 App. Div. 257, 262; affd., 196 N. Y. 510; *Lee* v. *Kendall,* 56 Hun, 610; *Verplanck* v. *Van Buren,* 76 N. Y. 247, 259, 260; *Buffalo Lubricating Oil Co.* v. *Everest,* 30 Hun, 586, 588; *Jones* v. *Baker,* 7 Cow. 445.)

We are not called upon to determine whether a trustee in bankruptcy can maintain an action in the State courts against his bankrupt.   That question is not raised here, and we, therefore, dismiss it without consideration or discussion.

The complaint is inartistically drawn.   It alleges that, as a part of the conspiracy to hinder, delay and defraud the creditors of Henry Wecksler, said Wecksler and his wife, Sophia, deeded certain real property which they owned to the defendant Paul Braverman without any consideration whatsoever.   It is not claimed that the

remaining defendants had anything to do with the transfer of this real estate.

Further on in the pleading it is alleged that a certain marginal account which Mr. Wecksler had with his brokers was closed out, and immediately reopened in the name of the defendant Mitchell Rappaport, and that the sum of $3,856.67, which Wecksler had to his credit, was turned over to Rappaport, and used by him, although the same was not his property. Then follows the allegation that $806.33 of this sum was later turned over to the defendant Samuel Rappaport, and by him was paid to the defendant Irene Wecksler. It is not claimed that Braverman took any part in the transaction concerning this money or this marginal account.

It will be noted that two entirely separate and distinct transactions are set forth in the pleading — one dealing with real estate, and the other with cash belonging to Henry Wecksler.

The prayer for relief demands a money judgment against all the defendants for the sum of $3,856.67, the exact amount of cash which it is claimed Wecksler had to his credit in the broker's office, and which was turned over to Mitchell Rappaport. No relief whatever is asked because of the transfer of the real estate by Wecksler to Braverman.

The complaint also contains an allegation that the plaintiff has been damaged in the sum of $3,856.67 " as the result of said conspiracy by said defendants and the acts done in furtherance thereof."

While the prayer for relief may not be considered in determining whether the complaint states a cause of action, it is, nevertheless, one of the essential elements of the pleading. (Civ. Prac. Act, § 255; *Dagood Holding Corp.* v. *Rosenbluth*, 231 App. Div. 470, 473; *McVey* v. *Security Mut. Life Ins. Co.*, 118 id. 466.) Plaintiff is entitled to such relief as he demands, and to no other.

It is apparent, therefore, that the plaintiff can recover, if he can recover at all, only such damages as he has demanded, viz., those which grew out of the turning over to Mitchell Rappaport the $3,856.67, the amount which Henry Wecksler had to his credit with his broker. As it is not sought in this action to recover any damages for the conveyance of the real property to Braverman, or to set aside the deed, it cannot be said that there is more than one cause of action stated in the complaint. That being so, the various allegations relating to said real estate have no place in the pleading and should be stricken out.

Likewise, the allegations concerning the claims filed with the referee in bankruptcy by Braverman, Mitchell Rappaport and Irene Wecksler have no bearing on the issue relating to this $3,856.67.

Plaintiff would not be permitted to go into the transfer of this real estate in an action where it is sought only to recover the amount which the bankrupt had to his credit in his marginal account with his brokers. These allegations, therefore, only tend to confuse and obscure the issue, and should be stricken out of the pleading. (*Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121; *Newton* v. *Livingston County Trust Co.*, 231 App. Div. 355, 361; *Chittenden* v. *San Domingo Imp. Co.*, 125 id. 855; *Kolb* v. *Mortimer*, 135 id. 542; *Isaacs* v. *Salomon*, 159 id. 675; *Bradley* v. *Sweeny*, 120 id. 315, 317.)

The fact that some of the defendants failed to join in this motion will not deprive the appellants of the relief to which they are entitled. The movants should not be compelled to go to trial on a complaint which fails to comply with the requirements of the Civil Practice Act and the Rules of Civil Practice, simply because the other defendants failed to act. (*Newton* v. *Livingston County Trust Co.*, 231 App. Div. 355, 362.)

We are taking the complaint as we find it. We are not passing on the right of the plaintiff to relief in a proper action, if there has been any fraudulent transfer of this real property. Evidently plaintiff does not wish to litigate the validity of that transfer in this action, or else his demand for relief would be different.

We think that paragraphs numbered 3, 6, 13, 14, 15, 16, 17 and 18 should be stricken out of the complaint, and that the motion to that extent should have been granted.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted by striking from the complaint paragraphs numbered 3, 6, 13, 14, 15, 16, 17 and 18, and motion otherwise denied.