In the Matter of the Application of the CITY OF NEW YORK, Appellant, for a Writ of Certiorari Directed to MARTIN J. EVERY and Others, Assessors of the Tax District of the Town of Olive, Ulster County, New York, Respondents. (Taxes of 1929.)

Third Department, November 13, 1935.

*Paul Windels, Corporation Counsel [George S. Parsons and L. S. Breckinridge* of counsel], for the appellant.

*Robert G. Groves* and *Harry H. Flemming,* for the respondents.

HILL, P. J. The city of New York appeals from a decision and order of the Supreme Court made at Special Term confirming the report of a referee appointed in a tax certiorari proceeding to hear the issues and report findings of fact and conclusions of law. The assessment was made by the assessors of the town of Olive, Ulster county, upon the Ashokan dam and reservoir owned by the city of New York. The city asks that the order and decision of the Supreme Court be reversed and that the assessment be canceled as illegal on the ground that the description upon the roll is vague and indefinite and does not properly describe the property sought to be assessed. After giving the name of the owner, the roll states the number of acres, identifies by number the several school districts in the town, and the villages wherein the property is located. Then follows: "Ashokan Dam and Reservoir and all its appurtenance exclusive of all aqueducts and appurtenance to aqueducts and also excluding all highways. But including all dikes and dams and appurtenance connected therewith." The boundaries are given by highways, town lines and owners. The acreage and amount of the assessment are allocated to school districts. There is a description of the exemptions. It is sufficiently accurate to identify the property assessed, and thus satisfies legal requirements. (Tax Law, § 55-a, formerly § 63, renum. by Laws of 1916, chap. 323; *McCoun* v. *Pierpont,* 232 N. Y. 66; *Blum* v. *Nassau P. & B. Corp.,* 256 id. 232.)

In the alternative and if the tax assessment is not annulled, the city asks that the decision be modified and the assessment of

$5,000,000 reduced to $1,640,000. The protest filed with the assessors asks " that the total assessment upon complainant's property be reduced by the sum of $1,664,262." The city indicated by the notice that an assessment of $3,335,738 would be satisfactory. However, upon the argument and in the written brief it is asked that the assessment be reduced to the sum of $1,640,000. The court may not grant a reduction greater than demanded of the assessors. (*People ex rel. Interstate Land Holding Co.* v. *Purdy*, 206 App. Div. 606; affd., 236 N. Y. 609; *Matter of Wright* v. *Commissioner of Assessment & Taxation*, 242 App. Div. 886; affd., 267 N. Y. 615.)

The modification is asked upon the ground that exempt property is included in the assessment as follows: (1) Highways. Certain of the highways are located on the top of dikes, dams, weirs and retaining walls, the public having only a right of way along the top of these structures which were built by the city and now serve as the dikes, wing walls and dams of the reservoir. The city asserts that the entire structure from the natural lay of the land to the top of the pavement is exempt because a highway is laid along the top. The assessors exempted only the pavement. These structures form the reservoir; they were built entirely for that purpose. The pavement on top is incidental. An exemption of the entire structure would have been error. Also, a complaining taxpayer is required to detail the items about which he complains in the protest to the assessors. The city made no complaint as to highway exemptions.

(2) Aqueducts. Section 480 of the Greater New York Charter exempts " the aqueducts " from assessment and taxation. The city asks to have classified as aqueducts or as structures incidental thereto the dividing weir which separates the east and west basins of the reservoir, the channels in the floor of the reservoir, the gate chambers, pressure aqueducts, aeration basin and screen chamber. The greater portion of the water first enters the west basin and flows along a channel to the east basin where there is less agitation and stir, and sediment sinks to the bottom. The other channels in the floor of the reservoir lead to the outlet at the dam where gate chambers control the flow of water through pressure aqueducts to the aeration basin and screen chamber outside of but near to the reservoir. It was determined by the assessors that these structures were a part of the storage reservoirs and were " other constructions necessary for the introduction and maintenance of a sufficient supply of water " and were built and maintained " for the purpose of preventing contamination or pollution " (Greater N. Y. Charter, § 480) and were subject to assessment. The argument of the city is that as the weir separates the basins and the water flows from one

basin to the other through channels and by similar means to the outlet at the dam, and as the aeration basin is located outside the reservoir, the water flowing to it through the pressure aqueducts and from there to the screen chamber, all of these structures are a part of the aqueduct system as distinguished from the reservoir devoted to impounding the water and making it potable. It was proper to assess the storage reservoir, the dividing weir, the channels, the aeration basin and the screen chamber, as all are structures devised and installed by the city for the purpose of impounding and making potable and pure the water which leaves the screen chamber to flow through aqueducts to the city of New York.

The order and judgment should be affirmed, with costs.

RHODES, MCNAMEE, CRAPSER and BLISS, JJ., concur.

Order affirmed, with fifty dollars costs and disbursements.