Louis Young, Respondent, v. Maury Wallace, Appellant.— Judgment modified on the law by reducing the recovery to the sum of $1,500 with interest from the date of judgment and as modified affirmed, without costs of this appeal to either party. Memorandum: In this action plaintiff sought to be awarded a judgment of $2,500 against the defendant for legal services rendered in a matrimonial matter. His complaint sets forth two causes of action. By the first, he alleged legal services rendered for and in behalf of defendant's wife, which he alleged were reasonably worth the sum of $1,500 and that due demand for the payment of "said sum" had been made. By his second cause of action, he alleged legal services rendered to the defendant, himself, reasonably worth the sum of $1,000, and that due demand for the payment of "said sum" has been made. He then demands judgment "in the sum of Twenty-five Hundred Dollars" with costs and disbursements. In response to a demand, a verified supplemental bill of particulars was furnished by plaintiff, wherein, by paragraph 3 thereof he sets forth that "The services * * * cannot be broken down and itemized for separate charges for various services but are included in the price given to defendant for all of such services rendered to defendant's wife in the sum of Fifteen Hundred Dollars". And, by paragraph 4 thereof, he sets forth "That in addition to the foregoing services rendered to defendant's wife, plaintiff rendered legal services to defendant * * * in the reasonable value of One Thousand Dollars". No change in either the complaint or the supplemental bill of particulars was thereafter made. The court, without any exception, submitted to the jury only the reasonable value of the services rendered to the wife, stating, "The duty devolves upon you now to determine a very narrow issue of fact. Boiled down, it amounts to this: what was the fair and reasonable value of the services rendered by Mr. Young to Mrs. Wallace? The rest of it is largely extraneous". The jury brought in a verdict of $2,000 which was more than the complaint and supplemental bill of particulars claimed the reasonable value of the services "rendered by Mr. Young to Mrs. Wallace" to have been, and as demanded therein, and on the trial, by the sum of $500. We, therefore, feel that the plaintiff should be bound by his demands (see Civ. Prac. Act, § 255), not changed at any time, the recovery should be limited to the sum of $1,500 on that cause of action. All concur, except Kimball and Wheeler, JJ., who dissent and vote for affirmance in the following memorandum: Although plaintiff in separate causes of action

■

in his complaint and bill of particulars claimed $1,500 for legal services rendered to defendant's wife, and $1,000 for legal services rendered to defendant, all performed in connection with the negotiation and preparation of a separation agreement, the case was, nevertheless tried and submitted to jury without objection or exception upon the theory that all of said services were performed by plaintiff for defendant's wife. The defendant having taken no exception to the charge, conceded its propriety and is bound thereby. (6 Carmody-Waite, Cyclopedia of N. Y. Practice, § 16, p. 627.) Defendant's failure to object that certain evidence was not admissible under the pleadings was also waived by his failure to object on that specific ground at the time the evidence was offered. (71 C. J. S., Pleading, § 584.) Furthermore the defendant has not challenged the verdict either at the trial or on this appeal upon the ground that the case was submitted on an erroneous theory or that the verdict was in excess of the amount claimed in the bill of particulars. "Where evidence of greater damage or loss than the amount specified in the bill of particulars is received without objection, and is within the amount alleged in the complaint * * * the court will not set aside the verdict because it is greater than the amount specified in such bill." (Clark on N. Y. Law of Damages, § 765, p. 1326; *Colrick* v. *Swinburne*, 105 N. Y. 503.) The jury's verdict of $2,000 rendered under these circumstances, being less than the demand for judgment, was proper and should not be disturbed. (Appeal from a judgment for plaintiff in an action to recover for legal services.) Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ.