James D. Hopkins, J.
Upon the return day of this proceeding to review an assessment of real property under article 7 of the Real Property Tax Law, the respondent did not answer, but instead moved to dismiss the proceeding because it was not timely. The respondent avers that the assessment roll was filed, and notice given of its filing, on September 1, 1961; and that this proceeding was commenced on October 4, 1961. Subdivision 2 of section 702 of the Real Property Tax Law provides that a proceeding under article 7 shall be commenced within 30 days of the filing of the assessment roll and the notice of filing-required under law (Real Property Tax Law, § 516, subd. 1). As the proceeding was not brought within the prescribed 30-day period, it is apparent that the respondent’s motion rests on solid ground.
The petitioner’s only rejoinder to this motion is that the respondent may not raise this defect by motion, but must serve an answer, interposing the lack of timeliness as a defense. It points to subdivision 3 of section 702 of the Real Property Tax Law which provides that the failure to serve the petition within the time limit by law shall constitute a defense and the petition must be dismissed, if that fact appears upon the answer. However, that section does not provide that the service of an answer containing such a defense shall be the exclusive method of testing the timeliness of the proceeding. Indeed, subdivision 1 of section 712 of the Real Property Tax Law provides that if an answer is not served, the allegations of the petition are deemed denied, and ‘ ‘ A motion to dismiss the petition shall not be denied merely on the ground that an answer has been deemed made.” Hence, the statute recognizes the making of a motion to dismiss as an alternative to the service of an answer.
*938 Moreover, subdivision 5 of rule 107 of the Rules of Civil Practice provides for the service of a motion to dismiss on the ground that the action was not timely commenced. The practice provisions relating to actions and special proceedings apply to this proceeding, so far as the provisions under article 7 are not inconsistent (People ex rel. Empire Mtge. Co. v. Cantor, 198 App. Div. 317; People ex rel. New York Cent. R. R. Co. v. Block, 178 App. Div. 251; People ex rel. Powott Corp. v. Woodworth, 172 Misc. 791; Matter of Malara v. City of Yonkers, 11 MisC 2d 488). When a jurisdictional defect is patent, it hardly seems reasonable that the statute intended that the petition could not be challenged at the earliest opportunity, without the necessity of an answer. The motion is granted.