John J. Dillon, J.
The petitioner moves to confirm, and the respondents move to set aside or modify, a Referee’s report finding that the petitioner’s property in the City of Rye was overassessed for the taxable years 1964 and 1965.
There is really no contradiction, as the respondents claim, between the Referee’s finding that both parcels should be given the same unit value (Report, p. 4), and his finding of a lower total land value for Parcel 18-22 than for Parcel 2-16 (Report, p. 14). The Referee probably valued the land on a front-foot basis, as advocated by both of the respondents’ expert witnesses, and there can be no doubt that Parcel 18-22 has less frontage than Parcel 2-16. Both of respondents’ witnesses gave a substantially lower land value to Parcel 18-22, and the Referee was justified in doing likewise.
The various criticisms of the methods used by the Referee in determining net income for capitalization purposes merely involve items on which opinions may fairly differ. The court *755 cannot say that the Referee’s findings in this respect were unsupported by the evidence.
There is an interesting question, however, as to whether either the Referee or the court has the power to find an assessed valuation lower than that claimed by the property owner in its own petition. The facts are these: The city assessed the entire property at $237,900 for the tax years 1964 and 1965. In its petition for 1964 taxes the petitioner alleged ‘ ‘ that the said property should be assessed as follows,” and then gave two figures totalling $185,000. The Referee recommended a reduction to $177,900. In its petition for 1964 taxes the petitioner again alleged “ that the said property should be assessed” at $185,000. The Referee found the assessment should be $172,400. Thus the property owner obtained more relief than had been demanded in its pleadings, and it is the respondents ’ contention that this is not permissible.
The earlier decision of this court in People ex rel. Sarna Realty Co. v. City of New Rochelle (N. Y. L. J., Jan. 9, 1964, p. 17, col. 3) is not controlling. There the court was dealing with a protest, not a petition in a judicial proceeding. It was held that when the property owner stated in its protest that the “ value ” of the property was a certain amount, this “ should be construed to represent the property-owner’s opinion of full value rather than equalized value ”; and that a valuation of a lesser amount by the Referee should not be disturbed. Here we have a different situation, and one which is not subject to construction. When the petitioner says plainly in his pleading that the property “ should be assessed ” at a certain amount, the city officials are likely to conclude that that much relief is sought, and no more. Section 706 of the Real Property Tax Law requires a petitioner claiming overvaluation to state the extent of it, and it is a natural supposition that the purpose of this requirement is to inform the tax authorities of the dollar amount involved in the proceeding. A litigant is not ordinarily entitled to more relief than he demands (Rosenzweig v. Wecksler, 237 App. Div. 65, 67). That is certainly the general rule in actions for money damages (Stebbins v. Frisbie & Stansfield Knitting Co., 201 App. Div. 477, 484; Young v. Wallace, 284 App. Div. 929).
Nevertheless there is appellate authority holding that in a proceeding of this kind the general rule does not apply (People ex rel. Empire Mtge. Co. v. Cantor, 198 App. Div. 317; People ex rel. Congress Hall v. Ouderkirk, 120 App. Div. 650). In the Empire case the Appellate Division, First Department, had itself reduced the assessed valuation of the petitioner prop *756 erty to a lesser figure than that stated in the petition (197 App. Div. 437, affd. 234 N. Y. 507). Upon the settlement of its own order the court held squarely (198 App. Div. 318) that the allegations of value in the petition are not conclusive; and that “ If the evidence establishes a lower value, the court would have power to amend the petition to conform to the proof, and upon appeal this court can disregard the discrepancy and make such order as the facts justify.” This was in line with the holding of the Third Department in the Congress Hall case (supra). The court regards these cases as controlling, and, therefore, holds that the Referee did not exceed his authority in finding a lower value for assessment purposes than that sought in the petition.
The motion to confirm the Referee’s report is granted and the cross motion is denied. The Referee’s fee will be fixed in the order.