■ In the Matter of SENECA GRAPE JUICE CORP., Respondent, v. BOARD OF ASSESSORS OF THE TOWN OF LLOYD, ULSTER COUNTY, Appellant.— Motion, insofar as it seeks reargument, granted, and in all other respects denied, without costs. Upon reargument, original decision (33 A D 2d 951), dated January 22, 1970, adhered to. Although the Referee found the actual market value of the subject premises to be $65,000, he properly refused to grant a reduction in excess of the amount demanded in the respondent's application to the assessors (*Matter of Wright* v. *Commissioner of Assessment & Taxation*, 242 App. Div. 886, affd. 267 N. Y. 615). Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur.

## (April 13, 1970)

■ In the Matter of MOHICAN CABLE T. V. CORP., Appellant, v. ROBERT CRONIN, as Mayor of the City of Glens Falls., et al., Respondents.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Warren County, dismissing appellant's application, in a proceeding brought pursuant to CPLR article 78, to declare that a franchise agreement between appellant and the Common Council of the City of Glens Falls is valid and in full force and effect. While Special Term was correct in its decision that mandamus does not lie, nevertheless Special Term has the authority to determine that while the petitioner has prosecuted its action in an improper form and has requested relief to which it is not entitled, that fact alone does not bar its receiving the relief to which it is entitled (CPLR 103, subd. [c]; 105, subd. [d]; *Matter of Lakeland Water Dist.* v. *Onondaga County Water Auth.*, 24 N Y 2d 400; *Matter of Phalen* v. *Theatrical Protective Union No. 1*, 22 N Y 2d 34, cert. den. 393 U. S. 1000; *Matter of Corbeau Constr. Corp.* v. *Board of Educ., Union Free School Dist. No. 9*, 32 A D 2d 958). Accordingly, the case must be remanded to Special Term to prescribe, in a proper order, pursuant to CPLR 103 (subd. [c]), the further prosecution of this action. Judgment reversed, on the law and the facts, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Herlihy, P. J., Reynolds, Greenblott. Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.

## (April 15, 1970)

■ ANGELO GRINALDO, Appellant, v. HENRY MEUSBURGER, Respondent.— Motion to amend decision dated March 2, 1970 (34 A D 2d 586) granted, without costs, and decision amended to read " Judgment reversed, on the law, without costs ". Cross motion denied, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.

■ In the Matter of WARREN COUNTY BAR ASSOCIATION for Approval of a Proposed Certificate of Incorporation of the Warren-Hamilton Legal Services Corporation.— Application for approval of incorporation of the Warren-Hamilton Legal Services Corporation, pursuant to subdivision 5 of section 495 of the Judiciary Law, granted. Herlihy, P. J., Reynolds, Aulisi, Greenblott and Sweeney, JJ., concur.