Howard T. Hogan, J.
In this tax certiorari proceeding, respondents have moved by way of answer to the petition herein, to dismiss said petition because of the alleged insufficiency of petitioner’s answers to the questions contained on its application for review of real property assessment for the tax year 1971/72. Respondents allege that petitioner failed to supply the data necessary for the assessors to render an informed opinion concerning the alleged grievance and protest and that no basis exists for a review of the assessment.
It is now well settled that review of assessments should be liberally construed so that a taxpayer’s right to review is not defeated by technicalities (Matter of Suburbia Apts. v. Board of Assessors of County of Nassau, 66 Misc 2d 918; People ex rel. Bingham Operating Corp. v. Eyrich, 265 App. Div. 562). The question in these proceedings is whether the petitioner has sufficiently and specifically made known the basis and reasons for its objections (People ex rel. Ward v. Sutton, 230 N. Y. 339; Matter of Reservoir Estates v. Paulus, 47 Misc 2d 754). If the assessors are fully aware of petitioner’s grievance and are informed of the exact numerical extent of the *854 claimed overassessment, the important jurisdictional fact in a tax certiorari proceeding has been met (Matter of American Bosch Arma Corp. v. Pelcher, N. Y. L. J., July 28, 1969, p. 11, col. 6; Real Property Tax Law, § 706).
In this proceeding, the petitioner has identified the parcels, has set forth the assessed values thereof and has specifically set forth the amount of alleged overvaluation, both in the protest and in its petition. Petitioner has gone further. The amount to which the assessment should be reduced is specifically set forth. It is obvious that respondents are fully aware of petitioner’s grievance and that petitioner has met the necessary statutory requirements.
Accordingly, the motion is denied.