Joseph A. Suozzi, J.
This article 78 proceeding presents the unusual question of whether a municipality can confer the status of ‘ ‘ nonconforming use ” on an illegal use, retroactively.
On November 4, 1970, the City of Long Beach enacted an amendment to its zoning ordinance which permitted two-family dwellings in a one-family use district, if the two-family dwelling was in use and existence prior to said date. The amendment does not change the permitted use in the district — it remains a one-family residential use district. The City of Long Beach, in its answer, states the legislative intent of the amendment as follows: “it was not the intention of the City Council to change the said Zoning District ‘ EE ’ into a two-family dwelling district. The City Council intended to give the owners of houses used as two-family dwellings, the right to continue same as if they had a valid pre-existing use, provided the same owners obtained the necessary Certificate of Compliance within the said six months period.”
By this proceeding the petitioner, who is the owner of a one-family dwelling located iii District “ EE ”, seeks to come within the purview of the amendment. However, in a pending action for declaratory judgment (Ilasi v. City of Long Beach, Index No. 1512/73), the same party seeks to have the amendment declared void. Since the parties have so stipulated, the court will consider the grounds asserted in the action for declaratory judgment as if asserted in this proceeding. (See CPLR. 103, subd. [c] ; Matter of Phelan v. Theatrical Protective Union No. 1, 22 N Y 2d 34; Matter of Mohican Cable T. V. Corp. v. Cronin, 34 AD 2d 692.)
The amendment is patently void. The two-family dwelling use is and always was illegal. “ Nonconf orming use ” statutes permit continuation of existing legal uses made illegal by the passage of a zoning ordinance or amendment, in order to prevent confiscation without compensation. (2 Bathkopf, Law of Zoning and Planning, p. 58-1.) The courts have rejected an attempt to legalize use violations if there has been no change in permitted use in the district. ( See Rapasadi v. Phillips, 2 A D 2d 451, 453; and see 2 Rathkopf, op. cit., Supplement, p. 58-17.)
The amendment would confer a reward on violations, penalize the law-abiding homeowner, and do it all retroactively. Nothing could be more unfair. The zoning laws must be applied prospectively only. (2 Bathkopf, op. cit., p. 58-1, n. 2.) Betro *438 active application violates the concept that zoning is for the general welfare, by selectively rewarding the wrongdoer.
The problems which the City of Long Beach has sought to resolve by the challenged ordinance are not peculiarly limited to the City of Long Beach, and are commonplace in this county. A more frontal and direct approach to the elimination of the illegalities permitted by public officials closing their eyes to zoning violations, and by ineffective and inadequate enforcement of zoning ordinances, is necessary than is reflected in the ordinance attacked herein.
Accordingly, the article 78 proceeding is dismissed, and the relief sought in the action for declaratory judgment to declare void Ordinance No. 1003/70 ef the City Council of the City of Long Beach, dated November 4, 1970, amending Article 1 (ch. 9, § 9-105.7) of the Municipal Code of the City of Long Beach, by adding a new subdivision (i), is granted.
Submit separate judgments in the article 78 proceeding and the action for declaratory judgment.