In the Matter of J. C. P. LEASING Co., INC., Respondent, *v.* JOSEPH F. BROWNE, as Assessor of the City of Binghamton, et al., Appellants.

Third Department, June 25, 1974.

*Thomas A. Muscatello, Corporation Counsel (Patrick J. Raymond* of counsel), for appellants.

*Kramer, Wales & McAvoy (Donald W. Kramer* of counsel), for respondent.

STALEY, JR., J. P.   Petitioner is the owner of 26–32 Court Street in the City of Binghamton, New York.  Applications for revision of the real property assessments on said real property for the years 1972 and 1973 were timely filed.  In each application, petitioner claimed that the complaint was based on inequality, and sought a reduction of the assessment from $360,100 to $190,000.  The relief asked for in the applications was denied.  Thereafter, petitions were filed pursuant to article 7 of the Real Property Tax Law for judicial review of the assessments.

When the proceedings were on the December, 1973 Trial Calendar of the Supreme Court, Broome County, the parties agreed to a settlement which fixed the assessments in the sum of $166,500 for each year, and a written stipulation setting forth the terms of the settlement was entered into on January 3, 1974.  Thereafter, on or about January 23, 1974, the attorney for appellants advised petitioner's attorney that appellants intended to repudiate the stipulation, and would not consent to entry of an order based on the terms of the stipulation. Petitioner, on January 31, 1974, commenced a proceeding for an order directing the enforcement of the stipulation of settlement, and on March 4, 1974 Special Term granted petitioner's motion and an order was signed and entered reducing the assessments to $166,500.  This order stated that the assessments were determined to be erroneous by reason of overvaluation. Appellants moved for reargument on the ground that the only claim of error was that the assessments were unequal.  Special

Term modified its original order by deleting the words "by reason of overvaluation" and otherwise affirmed the original order.

Appellants contend that Special Term's jurisdiction as to the amount of reduction it could grant was limited to the amount of reduction demanded by the taxpayer in the application for revision of the assessments, and that it was error to grant a reduction to the amount of $166,500 when the application sought a reduction to only $190,000. It is well settled that no reduction may be granted in excess of the amount demanded in the application to the assessors (*Matter of Seneca Grape Juice Corp.* v. *Board of Assessors of Town of Lloyd,* 34 A D 2d 692; *Matter of Wright* v. *Commissioner of Assessment & Taxation,* 242 App. Div. 886, affd. 267 N. Y. 615), and the fact that the parties here stipulated to a greater reduction than the amount demanded does not change the settled rule. Petitioner is limited to a reduction to the amount of $190,000.

Appellants further contend that since the application for revision of the assessments complained only of inequality in assessments, Special Term could not reduce the assessments on the ground of overvaluation. Although the original order enforcing the stipulation contained a statement that the assessments were erroneous by reason of overvaluation, this error was corrected by the modified order entered April 19, 1974. The applications for revision set forth the value of the property as $300,000, and that other properties within the tax district were assessed at a much lesser ratio to full value. It is conceded that the equalization ratio for the district was 38%, and petitioner's appraiser's valuation of the property by the market data approach was $470,000, and by the income approach was $413,671. The assessments for the years 1972 and 1973 were obviously unequal when the equalization ratio applied to a reasonable fair value of the property would produce an assessment much less than the assessment of $360,100 made by appellants.

The orders should be modified, on the law and the facts, by increasing the amount of assessment to $190,000 for each year under review, and, as so modified, affirmed, without costs.

Cooke, Sweeney, Kane and Main, JJ., concur.

Orders modified, on the law and the facts, by increasing the amount of assessment to $190,000 for each year under review, and, as so modified, affirmed, without costs.