Morrie Slifkin, J.
In four separate tax certiorari proceedings, two against the Village of Pleasantville and two against the Town of Mt. Pleasant, the same petitioner in each proceeding moves for leave to amend each of its petitions to allege and to set forth a lower fair market value of the property in question than the value alleged by the petitioner in both its grievances to the Board of Grievance Review of each municipality and in the original petitions in these article 7 of the Real Property Tax Law proceedings.
The motions are considered in one decision because the issues of fact and law are the same in each instance. The *632 court, however, directs that a separate order be entered in each of these proceedings.
For the reasons hereinafter set forth, the motions are denied in all respects.
Since 1923, the law of the State on this point has been clear. It is settled that a petitioner in a tax certiorari proceeding is limited to the relief set forth in his application to review the assessment before the Board of Review (People ex rel. Interstate Land Holding Co. v Purdy, 206 App Div 606, affd 236 NY 609; People ex rel. Heighlar Realty Corp. v Lilly, 268 App Div 968; Matter of Wright v Commissioner of Assessment and Taxation, 242 App Div 886, affd 267 NY 615).
The finality of this statement of the law must be gleaned from the simple recital of facts which appears in the decision of the Court of Appeals in 236 NY 609 in the following language: "Appeal from two orders of the Appellate Division of the Supreme Court in the first judicial department, entered March 2, 1923, which affirmed, on certiorari, two orders of Special Term reducing assessments for taxation upon real property of the relator for the years 1915 and 1916. Relator filed applications requesting that the assessed value of its property be fixed at certain amounts. Defendants refused and this proceeding was commenced. The court found as a fact that the value of the property was less than the amounts to which relator requested that the valuations be reduced but holding that relator could obtain no greater reductions than to the amounts claimed in its application fixed the assessment at those amounts. Relator contended that the assessed valuation should be at the amounts found by the court to be the true value.
" * * * Order in each case affirmed, with costs; no opinion.”
The attention of the court has been called to a line of cases which, after trial, through the utilization of a motion to conform the pleadings to the proof, a petitioner may obtain a finding of value and a reduction of assessment to a figure below that set forth in the grievance application. In its decision, the Appellate Division, Third Department, in People ex rel. Congress Hall v Ouderkirk (120 App Div 650) held that the trial court had the power to amend the pleadings to conform to the proof. The First Department in People ex rel. Empire Mtge. Co. v Cantor (198 App Div 317) relying upon the Congress Hall case, granted the same relief. These holdings have been followed in Matter of Reservoir Estates v Paulus *633 (47 Misc 2d 754) and Matter of Goldstein v Town of Eastchester (NYLJ, June 26,1969, p 16, col 8).
However, an examination of subsequent decisions indicates that the Third Department by "benign neglect” has retreated from its holding in People ex rel. Congress Hall, the fountainhead of the diversionary decisions. In the Third Department, in Matter of Seneca Grape Juice Corp. v Board of Assessors of Town of Lloyd (34 AD2d 692) that court there held that the Referee properly refused to grant a reduction in excess of the amount demanded in the application to the assessors, despite the fact that the Referee found a fair market value below that set forth by the petitioner in its grievance, its pleading, and its proof. To emphasize its abandonment of the People ex rel. Congress Hall decision, the Third Department in Matter of J. C. P. Leasing Co. v Browne (45 AD2d 129) repeated and reiterated its holding that no reduction may be granted in excess of the amount demanded in the application of grievance to the assessors even where the parties stipulate at trial to a greater reduction. .
In neither decision, does the court cite, refer to, or overrule the Congress Hall case. To the contrary, these latter decisions effectively dispose of its earlier digression insofar as the Third Department is concerned and in turn, dispose of the cases which relied upon the decisions of the Third Department. The court is compelled to the conclusion that the earlier decision of the Third Department was an aberration which has been implicitly overruled by the later decisions of the same court and it cannot serve as a basis for any relief in the instant motions.
The court is not unmindful that it has previously indicated that an application to amend the ad damnum clause in a tax certiorari proceeding might be analogized to an application in a negligence case to increase the ad damnum clause pursuant to CPLR 3025 (subd [b]) (Matter of Halpern v Assessor of Town of Rye; Matter of470 North Broadway Co. v Assessor of City of Yonkers, Slifkin, J., Nov., 1975).
In those cases, the court denied the motions to amend with leave to renew upon a showing of facts or circumstances unknown or unavailable to the petitioner at the time of the filing of the protest which compelled a conclusion of reduced value to justify the motion. Since the time of the rendition of those decisions, the court has reconsidered its view and is now of the opinion that an analogy to negligence actions and the *634 law pertaining to amendment of ad damnum clauses therein, would not be proper in a tax certiorari proceeding.
The line of reasoning used by this court in the two decisions above cited must be withdrawn, reconsidered and abandoned in the light of the Interstate Land Holding Co. v Purdy (236 NY 609, supra) decision in the Court of Appeals to which reference has been made.
As heretofore set forth, the motions are denied and counsel is requested to submit four separate orders, one for each of the four pending proceedings on notice.