■ In the Matter of DAVID LIEBERMAN, Respondent, v RAYMOND JOHNSON, as Chairman of the Board of Assessors of the Town of Unadilla, et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered April 1, 1977 in Otsego County, which granted, in part and denied in part, appellants' motion for summary judgment dismissing petitioner's application, in a proceeding pursuant to article 7 of the Real Property Tax Law, and directed that his challenge to his real property tax assessment on the ground of inequality be transferred to the nonjury calendar of Otsego County. Petitioner is a landowner and taxpayer in the Town of Unadilla, Otsego County, and he commenced the instant proceeding, pursuant to article 7 of the Real Property Tax Law, for a review of his real property tax assessment for the year 1976. At Special Term, the court granted appel-

lants' motion for summary judgment to the extent of dismissing petitioner's claim that his real property appearing on the assessment roll of 1976 was overvalued. With regard to petitioner's additional challenge of his assessment on the ground of inequality, however, the court refused to grant a dismissal and instead transferred the matter to the nonjury calendar of Otsego County for further proceedings. Appellants now appeal this latter ruling and seek a dismissal of the entire article 7 proceeding. We hold that the order of Special Term must be affirmed. Admittedly, when read literally and technically, the petition commencing this proceeding might be construed as conceding certain facts which would lead to a conclusion that petitioner was not burdened by an assessment erroneous by reason of inequality. However, a fair reading of the entire petition as well as petitioner's answer to appellants' motion for summary judgment and his original complaint to appellants makes abundantly clear that no such concession was intended. Moreover, the record also plainly establishes that appellants have been fully informed of petitioner's grievance (see *Farash v Versprille*, 52 AD2d 728; *Matter of Cherrypike Estates v Herbert*, 67 Misc 2d 853) and that petitioner is prepared to go forward with his case at a trial of the matter. Accordingly, in light of the remedial character of the Real Property Tax Law relating to review of assessments and the fact that it should be liberally construed so that technicalities do not deprive the taxpayer of his right of judicial review *(Matter of Great Eastern Mall v Condon*, 36 NY2d 544; *People ex rel. New York City Omnibus Corp. v Miller*, 282 NY 5; *Matter of Suburbia Apts. v Board of Assessors of County of Nassau*, 66 Misc 2d 918), we conclude that Special Term properly denied appellants' summary judgment on petitioner's challenge to his tax assessment on the ground of inequality. Order affirmed, without costs. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.