[768 NYS2d 532]

In the Matter of RADISSON COMMUNITY ASSOCIATION, INC., Appellant, v DONALD J. LONG, as Acting Assessor of Town of Lysander, et al., Respondents, and BALDWINSVILLE CENTRAL SCHOOL DISTRICT, Intervenor-Respondent. (Appeal No. 1.)

Fourth Department, November 21, 2003

APPEARANCES OF COUNSEL

*Hancock & Estabrook, LLP*, Syracuse *(Ashley D. Hayes* of counsel), for appellant.

*Coulter, Ventre & McCarthy, L.L.P.*, Syracuse *(Robert D. Ventre* of counsel), for respondents.

*O'Hara & O'Connell*, Syracuse *(James J. O'Connell* of counsel), for intervenor-respondent.

**OPINION OF THE COURT**

HAYES, J.

### I

The issue presented in these appeals from tax certiorari proceedings is whether petitioner may seek a reduction in its assessments in a proceeding pursuant to RPTL article 7 below the amount requested in its complaints before respondent Board of Assessment Review (Board). We conclude that it may not.

### II

In the spring of 1998, the assessor for the Town of Lysander determined to increase the aggregate assessment of 49 tax parcels owned by petitioner to $1,236,150. On May 26, 1998, petitioner filed a complaint with the Board, seeking to reduce the aggregate assessment to $302,695. On or about June 30, 1998, the Board filed its final assessment roll for the 1998-1999 tax year and reduced the $1,236,150 aggregate assessment to $617,875. By notice of petition and petition filed July 29, 1998, petitioner commenced the first of these proceedings pursuant to RPTL article 7, seeking a reduction of the 49 assessments "to a proper amount" (appeal No. 1).

On May 25, 1999, petitioner filed a complaint with the Board seeking to reduce the aggregate assessment of 50 tax parcels from $618,475 to $6,184.75. On or about June 30, 1999, the Board filed its final assessment roll for the 1999-2000 tax year and confirmed the original aggregate assessment of $618,475. By notice of petition and petition filed July 22, 1999, petitioner commenced the second of these proceedings pursuant to RPTL article 7, seeking a reduction of the 50 assessments "to a proper amount" (appeal No. 2).

After retaining new counsel, petitioner moved for leave to serve amended verified petitions in each proceeding to request a reduction in the assessments for each parcel to $0. We conclude that Supreme Court properly denied the motions.

### III

A party disputing an assessment must first file a complaint with the assessor or board of assessment review prior to the hearing of the board of assessment review (*see* RPTL 524 [1]). The permissible grounds for review before the board of assessment review are that the assessment is "excessive, unequal or unlawful, or that [the] real property is misclassified" (RPTL 524 [2]). The complaint "shall consist of a statement specifying the respect in which the assessment is excessive, unequal or unlawful, or the respect in which [the] real property is misclassified, and the reduction in assessed valuation . . . sought" (RPTL 524 [3]). The statement "shall also contain an estimate of the value of the real property" (*id.*). Once the board of assessment review has made its determination, the party may seek judicial review of the assessment pursuant to RPTL article 7. The grounds for such judicial review mirror those before the board of assessment review, i.e., that the assessment is "excessive, unequal or unlawful, or that [the] real property is misclassified" (RPTL 706 [1]). The petition must "set[ ] forth the respect in which the assessment is excessive, unequal or unlawful, or the respect in which [the] real property is misclassified and stat[e] that the petitioner is or will be injured thereby" (RPTL 706 [2]). If a court determines that the assessment is excessive, "it shall order a revised assessment of the real property of the petitioner or the correction of the assessment upon the roll, in whole or in part" (RPTL 720 [1] [b]). In cities with a population of less than one million, as in this case, however, the assessment "may not be ordered reduced to an amount less than that requested by the petitioner in a petition or any amended petition" (*id.*).

Petitioner here complied with RPTL 524 by filing complaints with the Board in 1998 and 1999 after receiving the assessments from the assessor. In its complaints, petitioner requested specific assessments for each parcel, totaling $302,695 in 1998 and $6,184.75 in 1999. Its complaints were considered by the Board, which then filed final assessments. Thereafter, petitioner filed the petitions in this case pursuant to article 7, alleging that the assessments were excessive (*see* RPTL 706 [1]).

Petitioner did not specify a dollar amount reduction in its petitions; rather, petitioner sought to reduce the assessments "to a proper amount." Thereafter, petitioner moved to amend the petitions to request a reduction in the assessments for each parcel to $0. That proposed reduction, of course, is greater than the reduction petitioner sought before the Board. We reject the contention of petitioner that it may amend its petitions to seek a greater reduction in the assessments than that requested before the Board.

## IV

It is well settled that a petition in a proceeding pursuant to RPTL article 7 may be amended (*see Matter of City of Little Falls v Board of Assessors of Town of Salisbury,* 68 AD2d 734, 740-741 [1979]; *Matter of Franklin Shops v Village Assessor of Inc. Vil. of Hempstead,* 15 AD2d 921). Prior to 1981, it was also well settled that a petitioner in an article 7 proceeding could not seek a greater reduction in the assessment than the amount demanded in the complaint before the assessor or the board of assessment review (*see Matter of Wright v Commissioner of Assessment & Taxation,* 242 App Div 886, 887 [1934], *affd* 267 NY 615 [1935]; *Matter of Pollak v Board of Assessors of County of Nassau,* 62 AD2d 1019 [1978], *lv dismissed* 45 NY2d 872, 965 [1978]; *Matter of Singer Co. v Tax Assessor of Vil. of Pleasantville,* 86 Misc 2d 631 [1976], *affd* 56 AD2d 655 [1977]; *Matter of J.C.P. Leasing Co. v Browne,* 45 AD2d 129, 131 [1974], *lv denied* 35 NY2d 643 [1974]; *Matter of Seneca Grape Juice Corp. v Board of Assessors of Town of Lloyd,* 34 AD2d 692 [1970]; *Matter of City of New York v Every,* 245 App Div 409, 411 [1935]).

In 1981, however, the Court of Appeals decided *W.T. Grant Co. v Srogi* (52 NY2d 496, 512 [1981]), a case in which the Appellate Division had reduced assessments on certain properties below the amount that the parties had requested in their various petitions pursuant to RPTL article 7. The Commissioner of Assessment contended in *W.T. Grant Co.* that the Appellate Division did not have the authority to do so, relying on *People ex rel. Interstate Land Holding Co. v Purdy* (206 App Div 606 [1923], *affd* 236 NY 609 [1923]). The Court rejected that contention. The Court acknowledged that, in *Purdy,* "a closely divided court affirmed a decision in which the Appellate Division held that relief in a tax review proceeding is limited to the amount requested in the petition" (*W.T. Grant Co.,* 52 NY2d at 512).

However, the Court ultimately overruled the *Purdy* decision, concluding that "the taxpayer's right to have his assessment reviewed and the appropriate relief granted should not be defeated by a pleading technicality" (*id.* at 513).

We disagree with petitioner that, in overruling *Purdy*, the Court of Appeals also overruled the holding in *Wright* that relief in a proceeding pursuant to RPTL article 7 is limited to that sought in the complaint before the board of assessment review. *W.T. Grant Co.* involved only the amount requested in the petition compared with the proof at trial (*id.* at 512-513). The Court in *W.T. Grant Co.* did not deal with the issue central to the *Wright* decision of whether a court may reduce an assessment below the amount requested in the complaint before the board of assessment review. We conclude that *W.T. Grant Co.* did not overrule *Wright* insofar as it held that a court may not do so (*see* 24B Carmody-Wait 2d § 146:65, at 400-401; § 146:138, at 515).

In response to the *W.T. Grant Co.* decision (*see* Sponsor's Mem in Support, Bill Jacket, L 1995, ch 693, at 8), the Legislature amended RPTL 720 (1) (b) to add that, "except in cities with a population of one million or more an assessment may not be ordered reduced to an amount less than that requested by the petitioner in a petition or any amended petition verified pursuant to section seven hundred six of this title." Petitioner contends that both the plain language and the legislative history of that amendment support its contention that the statute allows amendments to 'a petition to seek an assessment lower than that requested in the complaint before the board of assessment review. We disagree. Section 720 (1) (b), as amended, expressly contemplates that petitions may be amended, but says nothing regarding whether the court may grant an assessment lower than that requested in the complaint before the board of assessment review. Indeed, the construction urged by petitioner would be contrary to the purpose of RPTL 524, which requires that a property owner file a complaint with the assessor or board of assessment review before seeking relief in court (*compare* RPTL 524, *with* RPTL 706). Upon receiving the complaint of the property owner, the board of assessment review has the opportunity to correct the assessment to the property owner's satisfaction. The board is aware that, if it does not grant the property owner the full relief requested, the owner may seek that relief in court. The property owner should not, however, be allowed to request "new and different relief" before the court

(*Matter of Sterling Estates v Board of Assessors of County of Nassau,* 66 NY2d 122, 124 [1985], *rearg denied* 66 NY2d 1036 [1985]; *see Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, 375 [1975]). The purpose of filing a complaint before the board of assessment review would be defeated if, for example, the board granted all of the relief requested by the property owner, and the owner nevertheless thereafter commenced an RPTL article 7 proceeding seeking a further reduction of the assessment. Morever, the legislative history of the amendment to section 720 (1) (b) supports the contrary conclusion to that asserted by petitioner. The legislative intent behind the amendment was to overrule *W.T. Grant Co.* and restrict the relief available to property owners in order to allow a taxing authority to "allocate[ ] its resources and prepare[ ] its defense accordingly" (Sponsor's Mem in Support, Bill Jacket, L 1995, ch 693, at 8; *see* Mem of Off of Real Prop Servs, Bill Jacket, L 1995, ch 693, at 21). Therefore, both *Wright* and *Purdy*, which likewise restrict the relief available to property owners, would remain good law.

V

In sum, we conclude that the court properly denied the motions because petitioner improperly sought to amend the petitions to request a greater reduction in the assessed parcels than that requested before the Board. Accordingly, the orders should be affirmed.

PIGOTT, Jr., P.J., GREEN, SCUDDER and KEHOE, JJ., concur.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed, without costs.